MARY HEPFEL *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RY. CO.

Argued Feb. 4, 1892.   Decided April 7, 1892.

**Trespassers—Care Due to from Proprietor.**—A railway company is not ordinarily obliged to keep a lookout for trespassers, whether adults or children, on its cars or track, nor to presume that they will expose themselves to danger thereon; but, having notice of their presence, and that they are in danger, its servants controlling the movements of its cars or machinery are bound to use reasonable care to avert it.

**Child Trespassing—Care Due to.**—A child between the ages of 7 and 14 years must be reasonably expected to exercise some degree of care, but the measure of it must depend upon his capacity and intelligence, and it it is ordinarily a question for the jury.

**Negligence of Each is for Jury.**—*Held,* upon the case presented by the plaintiff on the trial, that the questions of the negligence of the defendant and the contributory negligence of plaintiff's intestate were for the jury.

Appeal by plaintiff, Mary Hepfel, as administratrix of the estate of her daughter, Mary Hepfel, deceased, from an order of the District Court of Ramsey County, *Egan,* J., made September 5, 1891. refusing a new trial.

Mary Hepfel, the daughter, was killed about four o'clock in the afternoon of Sunday, November 17, 1889, at Martin Lumber Company's yard, near Rice street bridge, in St. Paul.   The defendant, The St. Paul, Minneapolis & Manitoba Railway Company, owned and operated a switch track into this lumber yard.   Mary was eleven years and seven months old, and had been to church that afternoon, and on the way home she lost her rosary.   She and two or three other girls of about her age turned back along the path she came to find it.   A little snow had fallen, and was melting.   As they were going back along a beaten path through the lumber yard, looking for the beads, an engine and two cars backed in along the switch track, and coupled to a car standing there, for the purpose of taking it out.   The brakeman, after coupling this car to the others, climbed upon it, and began, in fun, to snowball the girls from the top, where he stood.   They threw back at him.   As the cars were about to start out, Mary said to the brakeman, "Can I have a ride?"   Then she said to the girls with her, "Come on, let us take a ride."   The brakeman made no reply, but went forward onto the other cars, and signaled the engineer to go ahead.   Mary went up to the box car, and took hold of the iron ladder on the side near the front end of the car, and, holding up her feet, hung there by her hands while the car moved slowly ahead.   A few feet ahead was a lumber pile close to the track, and Mary, while so hanging on to the car, was caught between it and the lumber and killed.

Her mother, the plaintiff, was on October 20, 1890, appointed administratrix, and brought this action to recover $10,000 damages for the benefit of the next of kin under 1878 G. S. ch. 77, § 2, as amended by Laws 1889, ch. 109.   The negligence charged was the piling of the lumber too close to the track, and failing to warn Mary away.

The defendant by its answer claimed that the negligence of Mary's parents in allowing her to be in the lumber yard, and her own negligence in getting hold of and hanging from the ladder of the car, contributed to the accident and relieved the company from liability. The trial was had June 11, 1891.   After the evidence for the plaintiff was all given, defendant moved to dismiss the action on the

ground that the evidence failed to show negligence of the company, but did show contributory negligence of deceased. The court granted the motion, and plaintiff excepted, moved for a new trial, and being denied, appealed.

*Butts & Jaques*, for appellant, cited:

*Johnson* v. *Chicago & N. W. Ry. Co.*, 49 Wis. 529, 56 Wis. 274, and 64 Wis. 425; *Davis* v. *Chicago & N. W. Ry. Co.*, 58 Wis. 649; *Woodbridge* v. *Delaware, L. & W. R. Co.*, 105 Pa. St. 460; *Pittsburg, A. & M. P. Ry. Co.* v. *Caldwell*, 74 Pa. St. 421; *Wilton* v. *Middlesex R. Co.*, 107 Mass. 108; *Evansville & T. H. R. Co.* v. *Griffin*, 100 Ind. 221; *Barry* v. *New York Cent. & H. R. R. Co.*, 92 N. Y. 289; *McGovern* v. *New York Cent. & H. R. R. Co.*, 67 N. Y. 417; *Ecliff* v. *Wabash, St. L. & P. Ry. Co.*, 64 Mich. 196.

*M. D. Grover*, for respondent.

VANDERBURGH, J. 1. A railway company is not bound to keep a lookout for trespassers on its track or cars, nor to presume that they will expose themselves to danger thereon; but having notice of their presence, and that they are liable to such danger, the company is bound to use reasonable care to avert it. *Locke* v. *First Division St. P. & P. R. Co.*, 15 Minn. 355, (Gil. 283;) *Scheffler* v. *Minneapolis & St. L. Ry. Co.*, 32 Minn. 520, (21 N. W. Rep. 711.)

In the case last cited, where a young child was run over upon the track, it was held that a railway company was not bound to keep watch for a trespasser on its track, but if, after seeing him, its servants controlling the movements of the train do not exercise proper care to avoid striking him, the company is liable for the consequences.

So in *Gunderson* v. *Northwestern Elevator Co.*, 47 Minn. 161, (49 N. W. Rep. 694,) where the defendant's servant, after starting machinery in motion, left a young child exposed to danger therefrom in a power house, it was held a breach of duty on the part of the defendant for which an action would lie for injuries suffered by the child. Such negligence is blameworthy, and condemned upon the plainest principles of humanity and justice, and is actionable though

the breach of duty is different in kind from that which is owed to passengers or servants of the company rightfully on its track or trains. In this case, therefore, the defendant corporation owed no duty other than we have mentioned to the plaintiff's intestate, who was injured while attempting to climb upon one of defendant's freight cars on a side track in a lumber yard. It was under no obligation to trespassers to regulate the distance of the lumber piles; so that the fact that the lumber was piled too near for the safety of one standing on the ladder of a box-car was not in itself to be deemed actionable negligence in this case.

The only question for us to consider, of practical importance, in this case is whether the defendant is chargeable with neglect of its duty in the particular first mentioned, in starting or failing to stop the car after notice of the child's exposure to danger in her attempt to climb upon it.

The company was bound by the knowledge and conduct of its employes in charge of the train in the course of their employment. The evidence tended to prove the following facts: One of the defendant's side tracks in the city of St. Paul runs into a lumber yard near which plaintiff's intestate, a girl of the age of twelve years, resided. On the day in question, while the defendant was engaged in switching cars there, the deceased, with other children, were playing together, or looking for a "rosary" she had lost along or near the track. In the mean time an engine and three cars backed down to where the children were, and there coupled onto a car to move it out of the yard. The employes consisted of two brakemen on the freight cars and an engineer and a fireman on the engine. While the cars were standing there, snowballs were thrown in play back and forth between one of the brakemen, who was on the second car from the rear, and the child, who was standing but a few feet away, and she then asked him in his hearing, and while he stood looking at her, if she "could have a ride," to which he made no reply, but while he was still looking at her she immediately said to her companions, loud enough for him to hear, "Come on, let us take a ride," and then went to the car, and climbed part way up the ladder on the side of it.

The case is not, perhaps, very strong or clear, but there is evidence from which a jury might find that the brakeman heard her request to ride, and had notice that she was about to climb on the car or had got on, in time to require him to interpose to warn her away, or to stop the train, or delay its movements, in order to prevent an accident; for there is evidence tending to show that the engineer was governed by his signals, and also that her declarations and movements towards or attempt to board the car were before he gave the signal, and the engineer was on the lookout for his signal at the time. The train moved forward a short distance, and the child was killed.

On this branch of the case the evidence made a case for the jury.

Of course, if it should turn out on full investigation that the defendant's employes did not have notice that she was in a place of danger, or of her intention to board the car, or if they used due diligence to avert the danger after notice, no recovery can be had. Shear. & R. Neg. § 98.

2. The deceased should be held to have been bound to the exercise of reasonable care and prudence, which means, in her case, such care as might be reasonably expected of a child of her age and intelligence, in view of the circumstances. *Strawbridge* v. *Bradford*, 128 Pa. St. 200, (18 Atl. Rep. 346;) *Twist* v. *Winona & St. P. R. Co.*, 39 Minn. 168, (39 N. W. Rep. 402;) *Rolling-Mill Co.* v. *Corrigan*, 46 Ohio St. 283, (20 N. E. Rep. 466;) Shear. & R. Neg. § 73; Whittaker's Smith, Neg. 411.

A child between seven and fourteen years of age must be reasonably expected to exercise some degree of care, but the measure of it must depend upon his capacity and intelligence, and it is ordinarily a question for the jury. And we think it was so in this case. It is not improbable that the child expected to climb upon the car safely, as she had seen others do; and it is not so clear that she was able to realize, or ought to have understood, the hazard, as to warrant the court in taking the case from the jury. *Strawbridge* v. *Bradford*, *supra;* *Stone* v. *Dry Dock, E. B. & B. R. Co.*, 115 N. Y. 110, (21 N. E. Rep. 712.) In *Twist* v. *Winona & St. P. R. Co.*, *supra*, the injured child, a boy of ten and a half years, was familiar with the

turntable where he was injured, and had been expressly warned and notified of the danger of playing on it.    It was therefore distinguishable from this case.

In *Stone* v. *Dry Dock, E. B. & B. R. Co.*, *supra*, the nonsuit by the trial court was placed on the ground that a child past seven years of age, in crossing a street in front of a car, was guilty of contributory negligence; but the appellate court held this to be error, and that the question was for the jury.    The question of the negligent conduct of plaintiff's intestate should also have been submitted to the jury.

Order reversed.

Dickinson, J., did not sit.

Application for rehearing denied April 25, 1892.
(Opinion published 51 N. W. Rep. 1049.)