### ALBERT W. POWERS vs. CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Submitted on briefs May 16, 1894.   Affirmed May 24, 1894.

Death of boy caused by his own negligence.

> Evidence considered, and *held* to show a bright, intelligent boy of thirteen, familiar with the running of railroad trains, and warned not to get on and off them when in motion, responsible for the consequences of his own negligence in doing so.

Appeal by plaintiff, Albert W. Powers, administrator of the estate of Albert S. Powers, deceased, from a judgment of the District Court of Fillmore County, *Jno. Q. Farmer, J.*, entered June 3, 1893, against him for costs, $54.59.

Albert S. Powers, deceased, came to his death March 29, 1890, on the railway of the defendant, the Chicago Milwaukee and St. Paul Railway Company, at Fountain in the manner stated in the opinion. His father was appointed administrator of his estate and brought this action under 1878 G. S. ch. 77, § 2, for the benefit of the boy's next of kin.   After plaintiff's evidence was all in the defendant moved that the action be dismissed on the ground that there was no evidence of negligence on the part of the defendant and that there was ample and uncontradicted evidence given by plaintiff's witnesses that the boy was guilty of the grossest negligence.   The court granted the motion and dismissed the action.   Plaintiff excepted.   Judgment was entered and plaintiff appeals.

*H. S. Bassett* and *Gray & Thompson*, for appellant.

*H. H. Field* and *Wells & Hopp*, for respondent.

GILFILLAN, C. J.    A train of the defendant, what in railroad business is called a "wild train," consisting of a locomotive, tender, and caboose car, on which no persons except the servants of the defendant in charge of it were permitted to ride, started at Fountain to run to the next station.   The plaintiff's son, a bright, intelligent boy, over thirteen years of age, accustomed to be about the station, and familiar with the moving of trains, after the train started, got on the lower step of the front platform of the caboose, holding with both hands to the iron railings to be taken hold of by one getting on or off the car, and, after riding a short distance, stepped off to the ground, and, retaining his hold on the railings, the train moving

quite rapidly, ran along with the train for a short distance, got upon the step again, rode some 300 feet, and was either thrown off by the motion of the car, or stepped off and fell, and was thrown under the car and killed. That, in getting on and off and standing on the step while the train was in rapid motion, he was doing perilous things, putting himself in a position of great danger, must be apparent to any one who has seen railroad trains moving, and must have been as well known to a boy of his age, intelligence, and experience, especially one who had been, as he had been, warned by his father not to get on and off trains when in motion, as to any one. There was no evidence from which it could be found that any servant of defendant saw him when on, or getting on or off, the step; so that the rule requiring one to use reasonable care to avoid injuring another whom he sees in a position of danger, even through the negligence of such other, does not apply. If the evidence that defendant's servant at times allowed boys to get on trains and ride to a particular switch, and there step off and adjust the switch, might make out that the boy was not a trespasser in getting on the caboose, yet that would not relieve him from the consequences of his own negligence. That his negligence was the immediate cause of his death is, on the evidence, beyond question.

Judgment affirmed.

(Opinion published 59 N. W. 307.)