(17 App. Div. 462.)

### RICE v. BUFFALO STEEL–HOUSE CO.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. NEGLIGENCE—USE OF STREETS—TRANSPORTING UNUSUAL ARTICLES.

It is not negligence merely to drive along a street a metal house, 30 feet long, 15 feet wide, and 15 feet high, mounted on wheels, for convenience in moving; and therefore the owner is not liable for injuries to a boy who was running along with his hand on the side of the house, and, when one of the wheels went into a hole in the street, fell, and had his hand crushed by the hind wheel.

2. SAME—DUTY TO PERSONS IN THE STREET.

It is not the duty of the driver of a wagon to look out for persons who may approach the wagon from the rear or the sides, and warn them of the danger of falling under the wheels.

Appeal from trial term, New York county.

Action by Leo Joseph Rice, an infant, by Sarah A. Rice, his guardian ad litem, against the Buffalo Steel-House Company, for personal injuries. The complaint was dismissed, and plaintiff appeals. Modified.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Edward C. James, for appellant.
Lyman A. Spalding, for respondent.

PARKER, J. This case is barren of evidence tending to show negligence upon the part of the defendant. September 30, 1896,

the defendant was carting one of its steel houses, used as an election booth, south on Eighth avenue. The house was about 30 feet in length, 15 or 16 feet in width, and about 15 feet in height. It was supported upon iron wheels, 2 feet in diameter, projecting from the sides about 1½ feet near the rear. The driver, driving two horses, sat in a doorway about in the middle of the house. The plaintiff and some other boys put their hands on the corrugated side of the house, and ran along with it. The asphalt pavement had holes in it, and when one of the hind wheels of the wagon went into a hole the plaintiff fell, and his hand went under the wheel of the wagon and was injured. It is insisted that the defendant's negligence consisted in carting through the public streets so large and cumbersome a building without taking precautions against possible injuries to children. As the steel house rode steadily and firmly on the wagon, the injury not being caused by its falling off or sliding about, the size of the structure is a matter of no moment, unless a new rule is to be made affecting the conduct of drivers upon public highways, which shall require them not only to be careful about running over people who may be crossing the road in front of them, or passing along it, but also to be watchful lest some one crawl or fall under the vehicle between the forward and hind wheels. It is not unusual, either in the streets of cities or upon country highways, to draw loads of such dimensions that the driver, sitting in front of the load in order to properly guide his horses, is unable to see the hind wheels of the wagon, or boys either clinging to the load or running alongside of it. To guard against accidents of that character would apparently require a man on each side of the wagon to warn children not to run along by the side of the load or attempt to pass between the wheels. It is the duty of a driver upon a public highway to observe reasonable care and caution to save others from injury, and to that end he must be alert and watchful of his team, the condition of the highway, and of persons or vehicles in front of him, whether crossing or passing along the highway in the same or opposite direction. It is not his duty to keep a sharp lookout for those who may run to the wagon from the rear or the sides, so that he may warn them that the wheels go around and are liable to injure the person they pass over. And in such request the measure of duty of the driver is the same, whether the conveyance be a cart, an omnibus, or a truck carrying a steel house. Mullen v. Village of Glens Falls, 11 App. Div. 275, 42 N. Y. Supp. 113, is not in conflict with the views we have expressed. In that case the defendant owned a steam roller, which it was using in some street work, and while this roller was working its way up a steep grade, in the direction of a street crossing at right angles, a horse which was being driven by the plaintiff became frightened at the approach of the steam roller, which was within 20 feet of him when he first saw it, and ran away, throwing the plaintiff out of the wagon, causing the injuries complained of. The question which the court held was properly submitted to the jury in that case was whether reasonable care required the defendant to give warning at crossings

of the approach of an object which so generally frightened horses that the legislature deemed it necessary to enact that it shall constitute a misdemeanor to cause a carriage, vehicle, or engine propelled by steam to pass over a public highway without sending warning one-eighth of a mile in advance to persons using the highway with horses or other domestic animals.   Highway Law, art. 6, § 155 (Pen. Code, § 640, subd. 11).

The extra allowance of costs should not have been granted.   The judgment should be modified by striking out the amount of the extra allowance, and as modified affirmed, without costs of this appeal to either party.   All concur.