WILLIAM JACKSON v. ST. PAUL CITY RAILWAY COMPANY.

October 26, 1898.

Nos. 11,310—(60).

**Street Railway—Injury to Boy Seated on Steps of Car—Question of Negligence of Conductor for the Jury.**

A boy eight years and four months old got upon the rear platform of a street car, intending to ride thereon to his home, several blocks distant. While sitting upon this platform with his feet upon the car step, where there was no gate, the car started, and while it was running fast the boy became dizzy, fell off and was injured. The motorman (who was also conductor) knew that the boy was on the car. *Held*, that merely getting upon the car and sitting down on the platform with his feet on the step was not prima facie evidence that the boy was a trespasser; and, whether he was a passenger or trespasser, it was not error for the trial court to submit to the jury the question whether it was negligence on the part of the acting conductor to permit him to ride, sitting in that position, while the car was running fast.

**Same—Negligence of Conductor.**

It was within the province of the acting conductor to compel this boy to go inside the car, or stop it, and put him off; and, if he did not do so, the jury had a right to say that the conductor was guilty of negligence which was imputable to the company.

**Same—Question of Contributory Negligence for the Jury.**

*Held*, also, that the rear platform of a street car running fast was a place of danger for this boy, riding thereon, and just what degree of intelligence and prudence could be expected of him was properly left to the jury to determine, as well as whether, upon all of the facts, he was thereby guilty of contributory negligence.

**Same—Verdict not Excessive.**

*Held*, further, that the damages awarded were not excessive.

Action in the district court for Ramsey county to recover $3,000 for personal injuries sustained by plaintiff, a boy eight years and four months old. The cause was tried before Bunn, J., and a jury, and a verdict of $750 was returned in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

Plaintiff's evidence as to his injuries was that he was insensible

when he was picked up; that he was bruised all over; that he has trouble with his eyes; that he has a ringing in his head; and that there was concussion of the brain, with probable laceration of the brain tissues.

*Munn & Thygeson,* for appellant.

Was the motorman guilty of negligence because he did not eject the boys? Or did he have a right to assume that the boys would get off as soon as the car was started? Or, even if they stayed upon the car, should he have anticipated the attempt on the part of the boys to alight at Victoria street, or should he have anticipated that one of the boys would become dizzy and fall off the car and be injured? A reasonable person would not have anticipated such a result. The evidence fails to show any negligence on the part of the railway company, and the court should have directed a verdict in favor of defendant at the close of the testimony. In support of this contention, see the following cases, which are quite similar, at least in principle, to the case at bar: Kaumeier v. City, 116 Mich. 306; Haesley v. Winona & St. P. R. Co., 46 Minn. 233; Twist v. Winona & St. P. R. Co., 39 Minn. 164; Powers v. Chicago, M. & St. P. Ry. Co., 57 Minn. 332; Brightman v. Union, 167 Mass. 113; Catlett v. St. Louis, 54 Am. & Eng. R. Cas. 113; Chicago v. Smith, 46 Mich. 504; Jefferson v. Birmingham, 116 Ala. 294; Chave v. New York, 48 Hun, 620; Woodbridge v. Delaware, 105 Pa. St. 460; Cronan v. Crescent, 49 La. An. 65; Chicago v. Stumps, 69 Ill. 409; Patterson, Ry. Acc. § 75; 31 Am. Law Rev. 891–901. The boys had been warned by their father against riding on the cars. They, therefore, knew directly from him the danger of so riding. This relieved the motorman from the necessity of repeating such a warning. Pittsburgh v. Redding, 140 Ind. 101; Atchison v. Todd, 54 Kan. 55.

*John H. Ives,* for respondent.

As to defendant's negligence, the motorman, knowing that these boys were on the car steps, ran the car at a terrific rate of speed. A step on the car is not a safe place for children to ride upon. Solomon v. Central, 31 N. Y. Super. Ct. 298. The motorman could have prevented these children from riding upon that car without a

single exertion except to speak a word to them. The boys were not trespassers. According to their evidence, they were riding on that platform with the knowledge and consent of the motorman; and, under such circumstances, whether they paid their fare or not, were passengers. Muehlhausen v. St. Louis, 91 Mo. 332; Gradin v. St. Paul & D. Ry. Co., 30 Minn. 217; Booth, St. Ry. § 326, note 1, p. 446. But, even if pure trespassers, the motorman, knowing that they were riding on these steps, owed them the duty of using reasonable care to prevent an injury. See Scheffler v. Minneapolis & St. L. Ry. Co., 32 Minn. 518; Gunderson v. Northwestern Ele. Co., 47 Minn. 161; Hepfel v. St. Paul, M. & M. Ry. Co., 49 Minn. 263; Powers v. Chicago, M. & St. P. Ry. Co., 57 Minn. 332. As bearing more or less on the legal propositions in this case, see the following cases: Wynn v. City, 91 Ga. 344; Hemmingway v. Chicago, 72 Wis. 42; East Saginaw v. Bohn, 27 Mich. 503; Brennan v. Fair Haven, 45 Conn. 284; Buck v. Peoples, 46 Mo. App. 555; Muehlhausen v. St. Louis, supra.

BUCK, J.

William Jackson, by his guardian, brought this action against the St. Paul City Railway Company, to recover damages for injuries received by him on September 7, 1894, while riding on one of its cars on Randolph street, in the city of St. Paul. The car was in charge of the motorman, who also acted as conductor. This car was of the ordinary kind, except that it did not have gates, now used on street cars in said city. It had railings at the rear end of the car, and only one step to the ground. The boy and his brother Louis, some two years older, had been sent to the meat market and had started to return home, when, seeing the car about to start, they got upon it, and sat down on the rear platform, with their feet upon the step of the car. The evidence tended to show that while the boys were sitting there the motorman got upon the car, and in doing so passed between them, each boy moving a little to let him pass. A passenger was sitting inside the car, and near the rear end of the same, and when the motorman came to collect his fare he saw these boys still sitting in the same position on the car. There was only one passenger on the car. While the car was going very

fast, the injured boy from some cause became very dizzy, and was thrown off or fell off the car, rolled over and over in the dust, and was seriously injured.

The evidence tended to show that Louis Jackson had requested this passenger—Winter by name—to ask the motorman to stop the car, because they wanted to get off before reaching Victoria street, and it was after this request that the boy fell off. Winter refused to ask the motorman to stop the car. There was plenty of room inside the car, and, had the motorman so desired, he could have permitted the boys to have ridden inside, or ordered them off the platform to a place of safety. This injured boy had previously seen small boys frequently riding on the car in the same manner as he did, although his father had forbidden him to do so, and threatened him with punishment in such case.

We cannot say, as a matter of law, that this boy was a trespasser. He testified that he was not stealing a ride, and intended to have paid for it, and that he would have got off the car if he had been asked to do so. Whether this testimony was true or not was a question for the jury. It was not contradicted. Merely getting upon a car and sitting down, inside or out, is not of itself prima facie evidence that in so doing a person is a trespasser.

But, whether this boy was a passenger or trespasser, it was certainly proper for the trial court to submit to the jury the question whether it was negligence on the part of the motorman, acting as conductor, to permit a child eight years and four months old to ride, seated on the rear platform, with his feet upon the step, while the car was running fast. It was within the province of the motorman to compel this child of tender years to go inside the car, or stop it, and put him off; and, if he did not do so, the jury had the right to say that he was guilty of negligence, which was imputable to the company.

There can be no question but that the child was riding in a place of danger to life and limb, and just what degree of intelligence and prudence could be expected of a child of such age was properly left with the jury to determine, as well as whether, upon all the facts, he was thereby guilty of contributory negligence. The rule laid down in Booth, St. Ry Law, § 351, is as follows:

"A child not of the age of discretion to understand the danger of riding upon the platform of a street car cannot be charged with negligence in so doing. While the company would not be liable to a person of mature age and discretion who voluntarily occupies such a position on the car, yet, in the case of a child lacking such discretion and to whom negligence cannot be imputed, it would be the duty of the agents or employees of the carrier to warn him of his danger, and, if necessary, not to stop with the warning but to compel him to occupy a proper place in the car, especially if he is not in charge of some person of sufficient age and discretion to care for him. Accordingly, it has been held negligence on the part of a driver to allow a child of the age of five, with another eleven years old, or a boy nine years of age, to ride on the platform, and gross negligence to allow a child of ten years to ride on the step of the front platform."

Assuming, therefore, that this child was in a place of danger, that the motorman knew it, that the child was of tender years, though of sufficient age to exercise some degree of care, and that the measure of it depended upon his capacity and intelligence, yet the motorman controlling the movement of the car was bound to use reasonable care to avert the danger; and whether he did so, under the circumstances, was a question properly left to the jury. Hepfel v. St. Paul, M. & M. Ry. Co., 49 Minn. 263, 51 N. W. 1049.

The jury allowed the plaintiff $750 damages, and defendant's counsel contend that this amount is so excessive that the jury must have been influenced, in so doing, by passion and prejudice. A careful analysis of the evidence, we think, leads to the conclusion that the verdict should not be disturbed in this respect. The boy was quite seriously injured, and had not fully recovered at the time of the trial, and whether he would ever completely recover from such injury was a matter of considerable uncertainty.

Order affirmed.

MITCHELL, J.

I consider the case a close one, but have concluded, although with some hesitation, to concur in the conclusion that, in view of the tender age of the boy, the evidence made a case for the jury. The trial court may have erred in favor of the defendant in limiting, in his charge, the issue as to the conductor's negligence to the question whether he ought to have reasonably anticipated that the

boy might fall off by reason of becoming dizzy; but this would be no ground for setting aside a verdict in favor of the plaintiff if it was justified by the evidence.

CANTY, J.

I concur with Justice MITCHELL. In these days, when, as a general rule, parents exercise so little control over their children, and the conductor is not allowed to exercise any efficient control over them, and children have no wholesome fear of anything and no respect for any constituted authority, it is exceedingly difficult for the conductors of street cars and the drivers of other vehicles to keep children from riding on all sorts of dangerous places upon and beneath the vehicles. It is with much reluctance that I concur.