HERMAN ZIGMAN, ADMINISTRATOR, APPELLEE, V. BEEBE & RUNYAN FURNITURE COMPANY, APPELLANT.

FILED FEBRUARY 12, 1915.   No. 17,999.

1. Negligence: ACTION FOR DEATH. The act of coupling two wagons· together and thus driving them on the street does not of itself constitute negligence on the part of the owner of 'the wagons, so as to render him liable in damages for the death of a child who· climbed on the connecting pole.

2. ——. The doctrine of the "Turntable cases" is not applicable to the facts in this case.

APPEAL from the district court for Douglas county:: LEE S. ESTELLE, JUDGE. *Reversed.*

*McGilton, Gaines & Smith,* for appellant.

*Baldrige, Keller & Keller* and· *Charles E. Foster,* con-- tra.

LETTON, J.

Action for the wrongful killing of plaintiff's intestate;. verdict and judgment for $3,000, defendant appeals.

The facts that seem to be established by the evidence are· substantially as follows:   The defendant is a wholesale· dealer in furniture.   On the afternoon of October 19, 1909,. a driver in its employ was driving at a walk along Twen- tieth street in Omaha with two covered furniture wagons,. connected together, on his way to the railroad station.· The first wagon, to which three horses were attached, was· heavily loaded with outgoing furniture, the other was·

97Neb.44

empty and was to be loaded with incoming furniture. Both wagons were of the same size and character. The pole or tongue of the rear wagon was tied to the axle of the front one. An eyewitness testifies that as the wagons came past his drug store, near which he was standing, Philip Zigman, the deceased, a little boy between four and five years old, with another little boy of about the same age, were lying across the pole of the second wagon, with their backs toward him and their faces down. The driver was seated in front of the first wagon, with his view to the rear obstructed by the load of furniture. The witness stood about five feet from the wagons as they passed. Within a minute afterwards he was told by two school boys that the deceased, who was then sitting upon the curbing about 60 or 65 feet away, had been run over. The boy had been run over across the body and he died in a very few minutes. The street is usually busy at that point with heavy traffic, street cars pass every 10 minutes, but few automobiles use it. The Zigman home is a block west from where the accident happened.

The driver testified that the tongue was about 2½ feet from the ground; that there were about 8 feet between the box part of the front wagon and that of the rear one; that there was no one on the rear wagon; that this was the customary way of hauling the empty wagons; that he did not see any boys as he passed the drug store; and that he knew nothing about the accident until he was called back to the spot where it happened. The mother testified that the boy went to the drug store to buy some candy, and that it was only five minutes from the time he left the house until he was brought back dead.

At the conclusion of the evidence for plaintiff, defendant moved the court to direct a verdict in its favor, for the rea·· sons that it is not shown that defendant was guilty of any negligence in using the streets or in the manner of using the wagons, and that the injury to the child was due to the carelessness of the parent and plaintiff. The motion was overruled, and the questions as to the negligence of the defendant in connecting the wagons, and in using them on

the street as connected, were submitted to the jury under instructions based upon the doctrine of the "Turntable cases."

Defendant makes the same contention here as in the district court. The crucial question is whether the coupling of the wagons together in the manner described and driving the team on the street without a guard or outlook on or about the rear wagon in order to warn children who might attempt to climb thereon can be said, as a matter of law, not to constitute negligence. The jury has found that the act was negligence. Unless, when legal principles are applied to the facts presented, the defendant must be held to have been acting within its legal rights and was without fault, the verdict must stand, because otherwise the question was for the jury. The plaintiff relies upon the doctrine of *Lynch v. Nurdin,* 1 Adolph. & E. (Eng.) 29, that one who negligently leaves dangerous machinery or appliances of such a nature as to be attractive to children, within their reach, unguarded, or in such a situation that it may be easily put in motion by children, may, if injury to a child results, be guilty of actionable negligence. This is the rule of the "Turntable cases," and is the law in this state. *Sioux City & P. R. Co. v. Stout,* 17 Wall. (U. S.) 657; *Chicago, B. & Q. R. Co. v. Krayenbuhl,* 65 Neb. 889. Can this principle be applied to the passage of vehicles along the streets of a city? In the diversity of vehicles which traverse the streets there may be many forms attractive to children, and in many instances the attractive part of the vehicle is not within the view of the driver. Omnibuses are often used which are entered by steps at the rear, with no conductor or guard, and the door to which is held closed by a cord or strap, reaching to the driver's seat. Would a child who climbed upon the rear steps while the omnibus was passing along the streets of a city be entitled to recover for injuries sustained by falling off the steps? *Hebard v. Mabie,* 98 Ill. App. 543, holds to the contrary, even in a case where the driver knew the child was there. It is not uncommon to see automobiles with trunk platforms or tire holders projecting from the

rear, upon which a child might easily climb and be beyond the view of the driver. Could negligence be imputed to the owner of the machine if an accident occurred by reason of a child having seated himself upon the rear projection without the driver's knowledge? Wagons of certain types are constructed so that children can easily climb upon them. Those used for hauling stone, or to remove growing trees, or to carry iron girders, are of this class. Is it incumbent upon the owner of such a vehicle to send a guard as well as a driver every time he uses the streets for the transportation of his goods? . These inquiries are suggested by the facts in this case. If the nature of a vehicle used on the streets is such as to be attractive to children, and they may easily climb thereon, then, if the principle contended for by the plaintiff is sound, no owner of such a vehicle can relieve himself from liability for negligence unless it is accompanied by a special guard, for the attention of the driver in a busy street must necessarily be directed to the front in order to control his team or his automobile. The question would be different if the driver was aware that children were congregating on and about it, and were liable to be injured if not warned away, and this is the principle upon which some cases have been decided. The following cases establish the principle that, under the circumstances of this case, no negligence has been shown. *Bishop v. Union R. Co.*, 14 R. I. 314; *Hestonville Passenger R. Co. v. Connell*, 88 Pa. St. 520; *Rice v. Buffalo Steel-House Co.*, 45 N. Y. Supp. 277; *Foster-Herbert Cut Stone Co. v. Pugh*, 115 Tenn. 688; *Emerson v. Peteler*, 35 Minn. 481. In the California case of *Skinner v. Knickrehm*, 10 Cal. App. 596, upon which the plaintiff places much stress, the facts were that a house with a wagon attached at the rear was being slowly moved along the streets of Los Angeles. The driver was unable to see the wagon from his position in front of the house, and none of the other employees were in a position that they could see the wagon. "These children were permitted to, or at least were not by any one forbidden to, play upon the wagon, and did so for a long space of time while the house was being moved for a

large portion of a block." Under these circumstances the court held it was for the jury to determine whether the defendant was guilty of negligence. This case is not applicable here, because in the present case the driver was unaware of the presence of the child. If the proof had shown his knowledge, a different question would be presented. The other cases relied upon by plaintiff, where dangerous machines, such as iron rollers, wheel scrapers, or the like, were left unguarded upon, or where lumber or building material was piled in a dangerous condition close by, a public street, come within the doctrine of *Lynch v. Nurdin, supra,* and the "Turntable cases," and are likewise inapplicable.

The judgment of the district court is

REVERSED.

MORRISSEY, C. J., ROSE and SEDGWICK, JJ., not sitting.