## FRANZ O. ERICKSON v. W. J. GLEASON & COMPANY.[1]

### January 30, 1920.

### No. 21,578.

**Explosive — evidence of negligence.**

   1. Leaving a box of dynamite caps exposed and unguarded in an open drainage dipper near a public highway where many persons were liable

[1]Reported in 176 N. W. 199.

to pass, *held* to justify the jury in finding the defendant guilty of negligence.

**Care required of lad.**

2. A boy of 15 years is required to exercise only such care as boys of his age, intelligence and experience usually use under similar circumstances.

**Verdict not excessive.**

3. A verdict of $1,500 *held* not to be excessive where plaintiff sustained an injury necessitating the amputation of the thumb and index finger of his right hand, and a permanent injury to the sight of his left eye.

Action in the district court for Swift county to recover $15,000 damages for personal injuries to plaintiff minor. The answer alleged negligence on the part of the minor. The case was tried before Daly, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. H. Peterson,* for appellant.

*J. A. Lee* and *C. A. Fosnes,* for respondent.

QUINN, J.

Plaintiff, by his guardian ad litem, brings this action to recover damages for injuries which he claims to have sustained through the alleged negligence of defendant's servants. Plaintiff recovered a verdict for $1,500. From an order denying its alternative motion for judgment notwithstanding the verdict or a new trial, defendant appeals.

Defendant was engaged in constructing a large public drainage ditch extending from the southeast quarter of section 26 in the town of Westbank, in Swift county, north across the east one-half of section 23. When the dredge with which the work was being done reached the northeast quarter of section 23, working north, it became necessary to remove the dipper, which operated in a way similar to an ordinary steam shovel, and replace it with a smaller one. The old dipper, which weighed two or three tons, was removed and placed on its edge about 200 feet from the ditch. Thereafter it became necessary for defendant to blast a large

145 M—5.

boulder which was in its way in the construction of the ditch. To accomplish this object the foreman of the crew procured some dynamite, fuse and a box of dynamite caps. These caps, in appearance, resembled an empty No. 22 long rifle cartridge shell. They came from the factory packed 100 in a tin box about two and a half by three inches in size. This box was securely packed with excelsior in a wooden box about ten inches square and five or six inches deep, and labeled "Dangerous," "High Explosive." The foreman opened the box of caps, took one out and handed it to the man who was to do the blasting. He then replaced the tin box in the wooden box, nailed the cover on, and placed the box in the back part of the dipper where it remained until the time of the injuries complained of, which was some weeks thereafter. The dipper was about 20 rods west from the highway on the east side of the section. At the time of the accident the dredge was working about 80 rods north from the dipper. There were four families with children residing upon section 23, and a school house about a mile south. There was a public highway along the south and east sides of section 23. The Erickson family resided upon the southwest quarter of that section about one mile from the dipper.

On the afternoon of October 13, 1917, the plaintiff, Franz O. Erickson, 15 years of age, and his brother Herbert, 12 years of age, left their home and started out to hunt skunks. They followed the south highway to the southeast corner of the section, then turned north on the road along the east side. Herbert left the highway and rambled across the field to the dipper. He went around to the open end thereof and found therein the box containing the caps. He opened the same, took two caps from it and returned to the road, giving one of them to his brother who attempted to scratch or open it with a wire. It exploded, injuring his thumb and forefinger so as to necessitate the amputation thereof. His left eye was also injured so as to permanently affect the sight.

It is contended on behalf of the appellant: (1) That the evidence shows that defendant was free from negligence in leaving the caps in the dipper; (2) that the plaintiff was guilty of contributory negligence which was the proximate cause of the injury; (3) that the damages allowed are excessive.

The testimony, when considered in connection with the attendant cir-

cumstances, we think makes a clear question for the jury as to whether defendant was guilty of negligence. The dipper, about seven feet long and four feet wide, tipped up on its side out on a bleak prairie, would be, to a youthful passerby, an invitation to shelter rather than a safe depository for the storage of dangerous explosives such as dynamite caps. The dredge was a curiosity in the community, people both young and old came in numbers to witness its operation, all of which was well-known to the defendant and its employees. The caps were left in the open dipper exposed and unguarded, in close proximity to the public highway where many persons were liable to pass. Such is not a degree of care commensurate with the dangerous nature of such articles, and the rule requires that they be cared for with the utmost caution. Mattson v. Minnesota & N. W. R. Co. 95 Minn. 477, 104 N. W. 443, 70 L.R.A. 503, 111 Am. St. 483, 5 Ann. Cas. 498; Vills v. City of Cloquet, 119 Minn. 277, 138 N. W. 33; Eckart v. Kiel, 123 Minn. 114, 143 N. W. 122. We are satisfied that the jury was justified in finding the defendant guilty of negligence.

In this case the question whether the plaintiff was guilty of contributory negligence was fairly submitted to the jury and decided adversely to appellant's contention. It is a well settled rule that, where a child of immature years is injured through the negligence of another, the child is bound to use such care as children of his age, capacity and intelligence are capable of exercising, and that the question whether he has done so or not is for the jury, and we would not be justified, under the evidence, in disturbing the findings of the jury upon that question. It was under this rule that the trial court submitted the question of plaintiff's negligence to the jury, in which we find no error. Pekin v. McMahon, 154 Ill. 141, 39 N. E. 484, 27 L.R.A. 206, 210, 45 Am. St. 114; Thompson, Negligence, §§ 308, 309; Kerr v. Forgue, 54 Ill. 482. Defendant urges very strongly that the age of the injured boy, under the circumstances, was conclusive against him upon the question of contributory negligence. We do not adopt this view. Two lads of the age of plaintiff might approach a given danger; one might be capable of caring for himself, while the other might fall an easy victim to the temptation. The capacity, intelligence, knowledge, experience and discretion of such children are always evidentiary circumstances, with reference to

which the parties may offer evidence which is to be considered by the jury. Hepfel v. St. Paul, M. & M. Ry. Co. 49 Minn. 263, 51 N. W. 1049; 2 Dunnell, Minn. Dig. § 7029; Dubiver v. City Ry. Co. 44 Ore. 227, 74 Pac. 915, 75 Pac. 693, 1 Ann. Cas. 889; Kucera v. Merrill Lumber Co. 91 Wis. 637, 65 N. W. 374.

The damages allowed are not so excessive as to justify this court in interfering with the verdict of the jury. The plaintiff was so injured as to necessitate the amputation of the thumb and index finger of his right hand, and there is evidence that his left eye was injured to the extent of 50 per cent. Affirmed.