## JAMES M. HUGHES, AS FATHER OF THEODORE R. HUGHES, A MINOR v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

July 9, 1920.

No. 21,719.

**Negligence of street car driver.**

1. There is evidence to sustain a finding that the motorman of a street car was negligent in driving his car 25 miles an hour in the

[1]Reported in 178 N. W. 605.

vicinity of crowded public baths, and in failing to observe the approach of plaintiff.

**Contributory negligence of boy of eleven.**

2. The evidence is not conclusive that plaintiff, a boy of 11, was negligent in crossing the street car track without observing the approach of the car. The standard by which his conduct is to be judged is that of the ordinarily prudent boy of 11.

**Damages inadequate.**

3. The damages awarded plaintiff are so inadequate as to require a new trial.

Action in the district court for Hennepin county to recover $30,000 for injuries received by Theodore R. Hughes, a minor. The answer alleged negligence on the part of the minor. The case was tried before Leary, J., who denied defendant's motions for a directed verdict, and a jury which returned a verdict for $1,000. Defendant's motion for judgment notwithstanding the verdict was granted. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Kingman, Cross & Cant,* for appellant.

*R. T. Boardman* and *W. D. Dwyer,* for respondent.

HALLAM, J.

Theodore R. Hughes, whom we will designate as plaintiff, was injured by a street car on Calhoun boulevard in the outskirts of Minneapolis. His father brought an action in his behalf for damages and had a verdict for $1,000. Plaintiff moved for a new trial on the ground that the damages were inadequate and defendant moved for judgment notwithstanding the verdict. The court denied the plaintiff's motion for a new trial and granted defendant's motion for judgment. Plaintiff appeals.

Calhoun boulevard, from the built up portion of the city westerly to Lake Calhoun, is a broad thoroughfare, with street-car tracks in the center and a wide driveway on either side. On each driveway the traffic runs both ways. The space occupied by the tracks is parked and curbed. Vehicles cannot easily cross it. Pedestrians may easily cross. For half a mile there are no cross walks. To the south of Calhoun boulevard is

Lake Calhoun, and to the north, park property, or at least unoccupied property. The street cars approach the bath house from the city around a curve and over an elevated bridge. The approach to the bath house is down grade. For about 400 feet in front of the bath house, there is an iron fence between the east bound and west bound tracks. A gate in this fence conducts people from the northerly track to the bath house on the south. This arrangement is to prevent the crowds from passing promiscuously over the tracks.

On the afternoon of July 16, 1917, plaintiff, a boy 11 years old, and two other boy friends, had been in swimming at the public baths in Lake Calhoun. On the way home they tried to get a ride. When a short distance east of the easterly end of the iron fence, the driver of a truck going east on the northerly driveway told them they might ride with him. They ran after him, but he did not stop, and they could not get on. Plaintiff then spied a kind-hearted lady stopping on the southerly driveway to take on some boys, and, thinking he saw a chance for a ride there, ran across the tracks and in doing so came into contact with a west bound street car which was passing down the grade towards the bath house.

1. The principal charge of negligence is that the street car approached at an excessive rate of speed, and that the motorman failed to keep a proper lookout for pedestrians. The evidence discloses that on a hot summer day the Calhoun baths are much frequented. This was a hot day and there were many people at the baths. One of plaintiff's small boy companions said that "around the bath house there and along the boulevard" there was a "large multitude" of people, and a "large sum of" automobiles, a "very large amount." People walk on both sides of the boulevard and pass back and forth. There is evidence that the street car was going 25 miles an hour or more. The motorman did not see plaintiff or his companions until almost the moment plaintiff was struck. The jury might well find this speed was excessive, in view of the locality and the crowds of people, and they might find that under the circumstances a reasonably alert motorman would have seen plaintiff in time to take some measures to avoid the accident. The truck which the boys followed had a canopy top. This fact had some tendency to obstruct the motorman's view and to relieve him from the charge of negligence in

failing to see plaintiff, but it did not, as a matter of law, relieve him entirely.

2. The question of plaintiff's contributory negligence is a difficult one. Perhaps his conduct would have been negligent had he been a grown person, though it is not, as a matter of law, without regard to circumstances, negligence for an adult to cross a street railway track without first looking and listening for approaching cars, Shea v. St. Paul City Ry. Co. 50 Minn. 395, 52 N. W. 902; Riley v. Minneapolis Street Ry. Co. 80 Minn. 424, 83 N. W. 376, and this was, to all intents and purposes, a street railway.

But plaintiff was a boy of eleven. The standard by which his conduct is to be judged is the ordinarily prudent boy of 11. Hepfel v. St. Paul, M. & M. Ry. Co. 49 Minn. 263, 51 N. W. 1049; Roberts v. Ring, 143 Minn. 151, 173 N. W. 437; Erickson v. W. J. Gleason & Co. 145 Minn. 64, 176 N. W. 199. We all know that the ordinarily prudent boy of 11 is active, quick and impulsive, wanting in some of the caution of the average grown man. He says he did look before he started across the street and he may have done so. His view was partly obstructed by the truck and its canopy top. His attention was, no doubt, largely given to the automobile in which he expected to get a ride. Considering all the circumstances we think the question of plaintiff's negligence was for jury.

In this decision we are in harmony with the weight of authority. In Shearman and Redfield, Negligence, § 73a, it is said: "In nearly all the cases, the question of the power and duty of any child, between three and twelve years of age, to exercise care for its own protection, is held to be one for the jury." See also McEldon v. Drew, 138 Iowa, 390, 116 N. W. 147, 128 Am. St. 203; Long v. Ottumwa Ry. & Light Co. 162 Iowa, 11, 142 N. W. 1008; Rolin v. R. J. Reynolds Tobacco Co. 141 N. C, 300, 53 S. E. 891, 7 L.R.A.(N.S.) 335, 8 Ann. Cas. 638; Wallace v. Suburban Ry. Co. 26 Ore. 174, 37 Pac. 477, 25 L.R.A. 663. We doubt the propriety of drawing the line arbitrarily at 12 years, and this court has not done so. Twist v. Winona & St. Peter R. Co. 39 Minn. 164, 39 N. W. 402, 12 Am. St. 626; Powers v. Chicago, M. & St. P. Ry. Co. 57 Minn. 332, 59 N. W. 307; Fezler v. Willmar & S. F. Ry. Co. 85 Minn.

252, 88 N. W. 746. These Minnesota cases are relied on by defendant, but they are easily distinguishable.

In the Twist case, the contributory negligence of the plaintiff, a boy of 10½ years, consisted in playing upon a turn-table, an act which he had been repeatedly forbidden to do, and which the jury, in a special finding, found he knew was dangerous and knew he had no right to do.

In the Powers case the facts were that a boy of 13 stepped on to the step of the caboose of a rapidly moving train, notwithstanding he had been told never to do so, and he was injured by being thrown from the train or while in the act of stepping off.

In the Fezler case plaintiff, a boy of 10, stumbled and fell and was injured while running along close beside a freight train trying to keep up with it. He had been warned to keep away from the cars.

Hepfel v. St. Paul, M. & M. Ry. Co. 49 Minn. 263, 51 N. W. 1049, is in point. Plaintiff in that case, a girl of 11, climbed part way up the side ladder of a freight car, and while riding there came into contact with a pile of lumber and was killed. It was held, distinguishing the Twist case, that the question of her contributory negligence was a question for the jury. The evidence of contributory negligence was much stronger than in the case at bar.

In our opinion, the court erred in giving judgment for the defendant.

3. Plaintiff's motion for a new trial should be granted.

The damages assessed are wholly inadequate, if there is any liability at all.

Judgment reversed and new trial granted.