# OSCAR G. LUTHER v. HERMAN DORNACK.[1]

March 14, 1930.

No. 27,800.

*Sexton, Mordaunt & Kennedy,* for appellant.

*William B. Richardson* and *Irving L. Eckholdt,* for respondent.

[1]Reported in 229 N. W. 784.

Stone, J.

Action for wrongful death wherein, after verdict for plaintiff, defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

■ Thelma Luther, the deceased, was the eight-year old daughter of plaintiff. In the early afternoon of October 9, 1928, she was run into and killed by a light motor truck owned by defendant and operated by his employe. The accident occurred in an alley in Rochester. Thelma, on her way to school, used the driveway of a lumber yard and was run down just after she had emerged from the lumber shed and was crossing the alley. She had gotten six or eight feet into the alley when she was struck. There is testimony that defendant's truck was being driven at from 20 to 25 miles an hour; and that it proceeded about 30 feet after striking the girl. The driver admits that he did not see her before the accident. The alley is a fairly busy one, and during business hours the driveways of the lumber yard are more or less constantly in use. Under these circumstances the question as to the negligence of the driver of defendant's truck was one of fact and so settled by the verdict. Hughes v. Minneapolis St. Ry. Co. 146 Minn. 268, 178 N. W. 605. For the jury also was the issue of contributory negligence. In view of the age of the deceased it of course cannot be held as matter of law that she was negligent. Hepfel v. St. P. M. & M. Ry. Co. 49 Minn. 263, 51 N. W. 1049; Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183; Hughes v. Minneapolis St. Ry. Co. 146 Minn. 268, 178 N. W. 605.

■ There was a verdict for $3,000, $436 of which is doubtless for special damages. While the balance of $2,564 for general damages is large, we cannot say, in view of the present modest purchasing power of the dollar, that it is excessive. See O'Malley v. St. P. M. & M. Ry. Co. 43 Minn. 289, 45 N. W. 440 ($3,000 for death of a six-year old boy sustained); Strutzel v. St. Paul City Ry. Co. 47 Minn. 543, 50 N. W. 690 ($2,300 for the death of a boy five years and ten months); Gray v. St. Paul City Ry. Co. 87 Minn. 280, 91 N. W. 1106 ($2,750 for the death of a boy five years and nine months); Drimel v. Union Power Co. 139 Minn. 122, 165 N. W. 1058 ($3,400 for the

death of a girl "between five and six years old") ; Rothenberger v. Powers F. F. T. & S. Co. 148 Minn. 209, 181 N. W. 641 ($2,500 for the death of an eight-year old boy).

■ The assignment of error remaining for consideration challenges the admission of evidence that plaintiff, father of the deceased, was a mechanic, had no property outside of $250 or $300 of garage equipment and the family household goods, and that plaintiff's wife, mother of the deceased, had no "net worth." The father was 41 years old and the mother 35 at the time of their daughter's death. So far as appears both were in good health and self-supporting. The issue was as to the pecuniary loss suffered by the parents. In such cases the absence of dependency or any reasonable possibility of it is material for the defense. For the other side equally material must be the fact of dependency or its reasonable possibility. In this case the evidence was intended to show only that the parents possessed so little of this world's goods that there was a reasonable possibility of their becoming dependent later. In determining the damages resulting from the death of an eight-year old child there is nothing of the actual upon which to base judgment. Resort must necessarily be had to probabilities and even to possibilities which are reasonable. The field of inquiry is therefore beset with difficulty and extended in scope.

We do not find that this court has ever passed upon the question generally of the admissibility of evidence of the kind in question. The weight of authority favors its admission. 17 C. J. 1362. See also annotation, L. R. A. 1918E, 284, where the cases are reviewed. The question is what are the present and actual damages and not what future loss may result. But even so, the future must be looked to in order to determine what the present loss is.

"A rich parent whose child is a continued financial expense to him and who has no reason to expect financial aid from such child sustains little, if any, pecuniary injury from its death beyond the funeral expenses; while a poor parent * * * might reasonably expect substantial aid from his child, not only during its minority, but for years thereafter." Cincinnati St. Ry. Co. v. Altemeier, 60 Ohio St. 10, 16, 53 N. E. 300, 301.

The cases expressing the contrary view are not unanimous for the exclusion, generally and in all cases, of evidence of the pecuniary condition of the next of kin. For example, in C. & N. W. Ry. Co. v. Bayfield, 37 Mich. 205, 215, it was recognized that there are "some cases in which, perhaps, such evidence must be received, because it tends to establish a moral obligation to demand assistance in the future from one at the time incapable of giving it: as where the person killed was a very young child, and at present contributing nothing in aid of any one." (In this state it is the legal obligation of children able to do so to support their indigent parents. G. S. 1923, § 3157, as amended, 1 Mason, 1927, id. And the presumption is that legal obligations will be performed.) The distinction between cases where the deceased was a child and those where he had attained the years and ability to enable him to make contributions was followed in Cooper v. Lake Shore & M. S. Ry. Co. 66 Mich. 261, 33 N. W. 306, 11 A. S. R. 482, and Crabtree v. Missouri P. Ry. Co. 86 Neb. 33, 124 N. W. 932, 136 A. S. R. 663.

In Kerling v. G. W. Van Dusen & Co. 109 Minn. 481, 484, 124 N. W. 235, 372, the view is expressed that while it was "proper to show the actual contributions made by the deceased [a 17-year old boy] to his parents, as well as the character and habits of the deceased, so that the jury may come to an intelligent conclusion as to the continuation of such benefits, * * * it would not be proper to include statements as to the wealth or poverty of the plaintiff which do not tend to aid the jury in determining what the future conduct of the deceased would have been had he lived." That reasoning is applied in approval of a ruling made at the trial excluding any inquiry whether "plaintiff owned or rented his home."

In view of the statutory obligation imposed upon children to support their indigent parents, we consider that under such circumstances as we have here evidence of the kind which was admitted may have a tendency "to aid the jury" in their very difficult task of assessing damages.

We do not consider it safe to say that evidence of the pecuniary condition of the next of kin is always admissible or always inad-

missible. For instance, in the case of an adult deceased there may be evidence showing what he actually contributed over a considerable period. And it may well be so decisive of the issue as to end inquiry and make immaterial any evidence as to how dependent the next of kin might have been. Again there may be the case of a deceased, who no matter how dependent his next of kin might become could never be expected to make any substantial contributions. For example, in C. & N. W. Ry. Co. v. Bayfield, 37 Mich. 205, 207, "he was a little lame, and not strong intellectually." It is apparent therefore that much must be left to the discretion of the trial judge. Cases may arise in which the evidence should be excluded. Certainly there will be others in which it should be admitted, and still others in which neither exclusion nor admission would be error. In the instant case we are satisfied that the admission of the evidence was not error.

Order affirmed.