MARY MIDDAUGH v. WASECA CANNING COMPANY AND ANOTHER.
FAIRMONT CANNING COMPANY, APPELLANT.[1]

October 28, 1938.

No. 31,719.

[1]Reported in 281 N. W. 818.

*Freeman & King,* for appellant.
*Moonan & Moonan* and *Gallagher & Madden,* for respondent.

HOLT, JUSTICE.

After verdict, defendant, on a settled case, moved for judgment notwithstanding. The motion was denied, and defendant appeals from the judgment rendered in plaintiff's favor for $1,668.89.

The only assignments of error are: (a) The court erred in denying defendant's motion for a directed verdict; (b) the court erred in denying defendant's motion for judgment notwithstanding the verdict. The only question raised is whether the record justifies a recovery, and that depends upon the sufficiency of the proof of defendant's negligence as the cause of the death of plaintiff's decedent, and the latter's freedom from contributory negligence as a matter of law.

The action was brought to recover for the death of June Middaugh, a girl ten years and two months old, through the alleged wrongful and negligent acts of defendant. The record discloses that defendant has for several years operated a sweet corn canning factory at Waseca, this state. It was so engaged on August 22, 1937, the day of June's death. The Middaughs lived at 510 Fifth street, some hundred feet south of the canning factory. The loads of sweet corn pass northerly along Fifth street. During the canning operations this street is much congested by these loads, which have to move slowly and often have to stop and start. To the knowledge of defendant's servants and agents in charge of transporting the sweet corn from the fields to the factory, children are attracted to these loads to pick off sweet corn and to steal rides as

the loads pass north on this street. The rig here involved consisted of two wagons coupled together and drawn by a farm tractor. On each wagon was a rack 14 feet long by 7 feet wide, which when loaded was from 5 to 6 feet above the ground. The poles or tongues of these wagons were about 11 feet long. The tongue on the first wagon was attached to the drawbar of the tractor directly back of its rear wheels. The tongue of the second wagon was attached to the rear axle of the front wagon with a chain, so that from 4 to 5 feet of the tongue was exposed between the two loads, affording a chance for the children to secure a ride. The Middaugh home was located on the west side of Fifth street. On the day of the fatal accident the parents of June were working at the canning factory. She, a 12-year old brother, and a 2½-year old sister were left at home. It appears that June helped with the household duties and had prepared the evening meal. She was seen with a girl about her age and a boy five to six years old, at about six p. m., standing in the street in front of her home as defendant's rig just described was passing by. When the first wagon got by the three children darted in between the two wagons and June mounted the exposed part of the tongue of the second wagon for a ride. She fell off the tongue, her clothing caught in the gear of the wagon, and she was so dragged that her head came under the left rear wheel and was crushed, causing instant death.

The jury could find that, under the conditions existing on this street in the vicinity of this accident and at the time thereof, the coupling of two loaded wagons together drawn by a tractor created an alluring peril to children which the ordinarily careful person would anticipate. Under our decisions, even trespassing children are entitled to protection against hazards created by one having knowledge of their presence and peril. Hepfel v. St. P. M. & M. Ry. Co. 49 Minn. 263, 51 N. W. 1049; Erickson v. M. St. P. & S. S. M. Ry. Co. 165 Minn. 106, 205 N. W. 889, 45 A. L. R. 973, the last part of the opinion beginning with the middle of page 113. Our decisions are not in accord with some of the other states, notably with those from New Jersey, of which may be cited Friedman v. Snare & Triest Co. 71 N. J. L. 605, 61 A. 401, 70 L. R. A. 147, 108 A. S. R.

764, 2 Ann. Cas. 497. We consider the reasoning in Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 261 N. W. 194, entirely at variance with that of the New Jersey court just cited, is decisive here. The instant case is to be distinguished from those wherein the peril of the trespassing child was unknown to the one charged with the negligence which caused the injury. Such was the situation in Allred v. Pioneer Truck Co. 179 Cal. 315, 176 P. 455; Michalik v. City of Chicago, 286 Ill. App. 617, 4 N. E. (2d) 256; Zigman v. Beebe & Runyan Furniture Co. 97 Neb. 689, 151 N. W. 166, L. R. A. 1915D, 536, and other cases cited by defendant, where the presence of trespassing children could not reasonably have been anticipated by the driver or owner of the vehicle. More in point is Skinner v. Knickrehm, 10 Cal. App. 596, 102 P. 947, where negligence was predicated upon permitting a wagon, without frame or bed, to be dragged unattended behind a house being moved along a public street, presenting to immature children the opportunity of obtaining a ride. A recovery was there sustained.

Defendant was here hauling on a public street three units coupled together having a total length in excess of 50 feet, prohibited by 3 Mason Minn. St. 1938 Supp. § 2720-272(c), reading:

"No combination of vehicles coupled together shall consist of more than two units and no such combination of vehicles shall exceed the total length of 40 feet   *   *   *"

Here three units were connected and exceeding 40 feet in length— a clear violation of law. But the claim is that this statute was not enacted in protection of trespassing children, but for the safety of public travel on the highway. Until June laid hold of the tongue or entered between the loads she had the same right of use of the street in front of her home as had defendant to move its vehicles over it. Statutes of this sort are to protect the public, and it seems to us that the prohibition against coupling together of more than two units for hauling purposes on a public highway may well embrace a purpose to protect also immature children against their known childish impulse to seek a ride upon any vehicle offering an easily accessible place. The tongue of the third unit offered such

a place. There is a parallel between statutes compelling railroads to fence their rights of way and this statute forbidding coupling together of more than two units for movements along public highways. In Rosse v. St. P. & D. Ry. Co. 68 Minn. 216, 71 N. W. 20, 37 L. R. A. 591, 64 A. S. R. 472, this court held the fencing statute, though primarily designed to exclude stock from the right of way, should also be held for the protection of children *non sui juris*. The latest case is Arnao v. M. & St. P. Sub. R. Co. 193 Minn. 498, 259 N. W. 12; 5 Dunnell, Minn. Dig. (2 ed.) § 8143. Of course where it appears that the child is of such an age that the fence required by the statute is no bar to it, the fencing statute may not be invoked in its behalf. Fezler v. Willmar & S. F. Ry. Co. 85 Minn. 252, 88 N. W. 746.

"Negligence is the breach of legal duty. It is immaterial whether the duty is one imposed by the rule of common law requiring the exercise of ordinary care not to injure another, or is imposed by a statute designed for the protection of others. In either case the failure to perform the duty constitutes negligence, and renders the party liable for injuries resulting from it." Osborne v. McMasters, 40 Minn. 103, 105, 41 N. W. 543, 12 A. S. R. 698.

We think the jury could find that June was within the protection of this statute forbidding the coupling together of more than two units of moving vehicles on public highways.

Nor do we think that June's negligence appears as a matter of law so that defendant was entitled to a directed verdict or judgment *non obstante* upon that ground. As a general rule the contributory negligence of a child of June's age is for the jury. Eckhardt v. Hanson, 196 Minn. 270, 264 N. W. 776, 107 A. L. R. 1. Defendant relies on Twist v. Winona & St. P. R. Co. 39 Minn. 164, 39 N. W. 402, 12 A. S. R. 626; Powers v. C. M. & St. P. Ry. Co. 57 Minn. 332, 59 N. W. 307; Fezler v. Willmar & S. F. Ry. Co. *supra*. In the Twist case it was held that the evidence was conclusive that the boy, ten and one-half years old, knew and appreciated the danger of playing on a turntable. He so testified. In the Powers case it was held as a matter of law that a bright, intelligent boy 13 years

old was guilty of contributory negligence in jumping on the steps of a moving caboose to steal a ride. In the Fezler case the court, after holding that the fencing statute could not be invoked for his protection, could not find any negligence of defendant as the cause of his injury, for the obstruction against which the boy stumbled was not chargeable to defendant's negligence. More in point, that June's contributory negligence was for the jury, are: Znidersich v. Minnesota Utilities Co. 155 Minn. 293, 193 N. W. 449; Ekdahl v. Minnesota Utilities Co. 203 Minn. 374, 281 N. W. 517. We are of the opinion that under our decisions the contributory negligence of June does not appear as a matter of law.

The judgment is affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.

