WILLIAM ANDERSON, ADMINISTRATOR OF FRANK ANDERSON, DECEASED, PLAINTIFF IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

Argued June 19, 1902—Decided November 17, 1902.

1. An intelligent boy, within a few weeks of nine years of age, was struck and killed by a train of the defendant company's at a crossing of a public highway and the company's tracks. Deceased was familiar with the crossing and the passing of trains on the

railroad tracks. The evidence most favorable to the plaintiff, who was the personal representative of deceased, showed that there was nothing to distract the attention of deceased as he approached the crossing, and that, for a distance of at least fifty feet before he reached the track on which he was killed, he had an unobstructed view of that track for a long distance, and if he had made an observation, he would have seen the approaching train. He was shown to have walked in front of the train, and was so struck by it. *Held*, that a direction of a verdict for defendant for the contributory neglect of deceased was not erroneous.

2. The degree of care exacted of minors differs from that exacted from adults, and whether minors have exercised the required care is frequently a jury question. But when the infant's act exposes him to peril which he must appreciate, and when his personal safety may be secured by means plain to the most immature judgment, his exposure of himself to peril, without any precaution, will leave no question for a jury.

On error to the Supreme Court.

For the plaintiff, *Jeremiah A. Kiernan*.

For the defendant, *Sherrerd Depue* and *William A. Barkalow*.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment brought up by this writ of error was entered in an action, brought by the administrator of a deceased person, to recover damages, in favor of his next of kin, upon a claim that the death of the deceased had been occasioned by the actionable negligence of the defendant company.

The bill of exceptions discloses that a verdict in favor of the defendant was directed by the trial judge, and the sole question presented on this argument is whether the trial judge erred in such direction. This question will be solved by determining whether the evidence, viewed in the aspect most favorable to the plaintiff, would have supported any other verdict than that which was directed. *Crue v. Caldwell*, 23 *Vroom* 215; *Newark Passenger Railway Co. v. Block*, 26 *Id.* 605; *Myers v. Birch*, 30 *Id.* 238; *American Saw Co. v. First National Bank*, 31 *Id.* 417; *Coyle v. Griffing Iron Co.*, 34 *Id.* 609; *Lippincott v. Royal Arcanum*, 35 *Id.* 309.

The deceased person was an intelligent boy, within a few weeks of nine years old. It was shown that he came to his death by being struck by a railroad train of the defendant company, running at great speed, and there was evidence that the collision took place at a point within a highway which crossed the railroad at grade. The boy was familiar with the crossing.

The evidence disclosed that a train moving in an opposite direction from the train which collided with the deceased had passed upon the south-bound track, but it clearly established the fact that the train had passed so long before the approach of the train which killed deceased that the doctrine announced in *New Jersey Railroad and Transportation Co.* ads. *West,* 3 *Vroom* 91; *S. C.,* 4 *Id.* 430, is not applicable, and there is no occasion to inquire whether the doctrine of that case has not been limited or modified, or even repudiated.

The evidence, with the maps and photographs produced, showed, beyond any possible doubt, that a person approaching the crossing in the direction deceased was moving had, for a distance of at least fifty feet from the track on which the collision took place, a clear view for a long distance. There was nothing to obstruct the vision, and observation made at any point before deceased reached that track would have disclosed the approaching train. If deceased had been an adult, there can be no possible question but that his failure to discover the train which was approaching, and within the range of his vision, would have established the fact that he did not make the observation which duty for his safety required. It would make out contributory negligence, and justify the direction of a verdict. *Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180.

The duty of taking care for one's personal safety, when in a place known to be dangerous, is imposed upon all minors who are *sui juris,* as well as upon all adults. The degree of care for personal safety exacted from adults may, and doubtless does, differ from that exacted from minors. The latter lack experience and are of immature judgment. Such deficiencies will be most observable in infants of tender years,

and may well be considered in determining whether they have exercised due care for safety. As infants increase in years, and as they approach majority, such deficiencies will be of less weight. Where they tend to characterize the infant's acts, as being prudent or imprudent, the question presented is usually a jury question.

But when the act of an infant exposes him to a personal peril which he must recognize and appreciate, and when his personal safety may be secured by means indicated by the most immature judgment, his exposure of himself to the peril, without any precaution, will leave no question for a jury.

The infant in this case was shown to have been in the constant and daily practice of crossing the tracks of the defendant company, and so acquired experience of the running of trains across the public highways at great speed, and in a mode which would peril the safety of anyone who stepped upon the track in front of them. No judgment more mature than his was required to show him that safety in the place of known peril was to be obtained by observing whether or not a train was approaching the highway on which he was moving, and to abstain from crossing in front of an approaching train. When, therefore, the evidence clearly establishes that, although there was nothing to distract him from observation, nor any physical obstacle to effective observation, deceased walked upon the track in front of the swiftly-moving train, which observation would have disclosed to him, I feel bound to conclude that deceased is thereby shown to have been guilty of negligence contributing to his death, and that no verdict to the contrary could be supported. It was not erroneous, therefore, to direct a verdict.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, VREDENBURGH, VOORHEES. 9.

*For reversal*—DIXON, COLLINS, ADAMS, VROOM. 4.