KENNETH RITSCHER, BY NEXT FRIEND, v. ORANGE AND
PASSAIC VALLEY RAILWAY COMPANY.

Argued November 9, 1909—Decided February 3, 1910.

Plaintiff, a boy six years and ten months of age, while returning
home from school and while running in order to escape being
struck by a stone, which he expected a pursuing boy to throw
at him, ran across the defendant's street railway track and was
injured by an approaching car. The accident happened in the
neighborhood of the school and while the car, according to the
plaintiff's case, was proceeding at a high rate of speed, and with-
out giving any warning of its approach. *Held*, that the question
whether the plaintiff was guilty of contributory negligence was
for the jury, as was also the question whether upon a denial of
these facts the defendant was guilty of negligence.

On rule to show cause to Essex Circuit.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff, *Pitney, Hardin & Skinner*.

For the defendant, *Leonard J. Tynan*.

The opinion of the court was delivered by

MINTURN, J. The plaintiff, a boy of six years and ten
months of age, was run down by defendant's trolley car in
the town of Bloomfield, in the county of Essex, where he
was returning to his home from the public school in that
neighborhood, which he attended.

The incidents and circumstances in which the boy partici-
pated leading up to the accident are variant and give legal
color to the *status* occupied by the boy and by the defendant
company respectively, according to the view one may take
of the testimony presented in behalf of the respective parties.

Thus, the testimony in behalf of the plaintiff presents a
state of facts from which standing alone, we might reasona-

bly infer that the car at the time was proceeding along the highway in the immediate neighborhood of a public school, at a high rate of speed, at a time when the children of the school, of whom this plaintiff was one, were coming out of the school, and occupying the street and sidewalks. That no bell was sounded, and that the motorman did not see the plaintiff although he was distinctly in evidence, being at the time engaged in running away from another boy who was pursuing him and threatening him with a stone. That the sidewalk was such in name only, as it contained neither flagging nor curbing and was even with the dirt road upon which the trolley tracks were laid. That the tracks were close to this sidewalk and that while the plaintiff was running upon the sidewalk, the car, without audible signal or notice of its approach, came up from behind, running in the same direction that the boy was running, when, without seeing or hearing the car, the boy suddenly ran out in front of it to escape the boy who was pursuing him with a stone in his uplifted hand. We cannot say as matter of law that upon this testimony the boy was guilty of contributory negligence.

The question presented by this testimony, at this juncture of the trial, was whether the motorman was exercising due care in driving the car as he did in the environment that confronted him, and whether under those circumstances, presenting identically the same environment, this boy was negligent in doing what he did.

The motorman must be charged with knowledge of the fact that he was operating his car upon a highway in the neighborhood of a school, and it was his duty to so guide and control his car at that point as to meet any emergency that could reasonably be anticipated under the circumstances. That a boy in an effort to avoid what seemed to him impending danger suddenly ran out in front of an approaching car does not furnish *ratio decidendi* that he *ipso facto* is chargeable in law with contributory negligence. It may or it may not have been negligent under the circumstances and in the emergency; but the question is for the jury to determine as a matter of fact, and not for the court to determine as matter

of law. *Traction Co.* v. *Heitman's Administrator,* 32 *Vroom* 682; *Newman* v. *Phillipsburg Horse Car Railroad Co.,* 23 *Id.* 446; *Schneider* v. *Winkler,* 45 *Id.* 71; *Traction Co.* v. *Scott,* 29 *Id.* 682; *Gunz* v. *Chicago Railway Co.,* 52 *Wis.* 672; *Wilson* v. *Northern Pacific Railway Co.,* 26 *Minn.* 278; *Aryler* v. *Dicker,* 20 *Hun* 77.

Of course, there are circumstances where even a boy such as this may be subject to the rule of contributory negligence; but the rule is uniform that in fixing a standard of care applicable to the boy, his age and his environment at the time of the accident are all important factors to be considered. *Anderson* v. *Central Railroad,* 39 *Vroom* 269.

For, in the final analysis, contributory negligence, like negligence itself, is to be determined by no hard and fast rule of law, but by the circumstances of each case as it arises. 2 *Cooley Torts* 1492; *Poll.* 281.

The entire doctrine has been engrafted on the common law as the outgrowth of that remark of Lord Ellenbrough in 1809 in *Butterfield* v. *Forrester,* 11 *East* 60, that "one person being in fault will not dispense with another's using ordinary care for himself." The crux of the situation, therefore, upon this question is the inquiry, Did the plaintiff, himself, use ordinary care to avoid the accident of which he complains? If his want of care under the circumstances be so clear that it can be said as matter of law that he did not, and thereby in effect invited the danger which resulted in his injury, he cannot be heard to complain, if nonsuited, upon the reason underlying the maxim, *Volenti non fit injuria.* But where such a conclusion cannot be reached as a matter of law, it is because men may reasonably differ as to the facts, and the question becomes one for the jury to settle. *Traction Co.* v. *Chenowith,* 32 *Vroom* 554.

As was said by Mr. Justice Barrows in *Low* v. *Grand Trunk Railway,* 72 *Me.* 313: "These questions are not of a character to be disposed of by a little neat logic * * * but can best be determined by practical men on a view of all the facts and circumstances bearing on the issue."

It results from this consideration of the plaintiff's case

upon the right of the defendant to a judgment of nonsuit, that the rule is equally applicable upon a motion to direct a verdict, and that while the defendant, upon presentation of its case, endeavored to meet the facts and to avoid the plaintiff's contention of negligence in the operation of the car, as the proximate cause of the accident, still the fact remains that the testimony thus elicited presented essentially a controverted question of fact for the jury. The issues thus framed were properly and lucidly presented by the trial court in the charge to the jury. We have examined the objections urged by the defendant to the charge of the court and the criticisms upon the testimony, but we conclude that the jury were not misled by any statement either of fact or of law by the trial court, and that they could not misapprehend in all its bearings the testimony of the numerous witnesses under the clarifying lucidity of the charge.

The rule will be discharged.