CLYDE CONVERSE, AS SPECIAL ADMINISTRATOR, ETC.
v. CHARLES R. ADLEMAN.[1]

October 27, 1922.

No. 22,991.

**Defendant negligent in driving his motor car.**
  1. The evidence would justify a jury in finding that defendant was
negligent in the operation of his automobile when he ran over and
fatally injured a young child crossing a street under circumstances
which are stated in the opinion.

**Contributory negligence of young child or his parents.**
  2. The evidence did not require the jury to find that a child 4½
years old was guilty of contributory negligence in crossing a street
when returning to his home, or that his parents were guilty of con-
tributory negligence in permitting him to cross the street unattended.

**Remark of court not prejudicial to defendant.**
  3. The jury having reported that they were unable to agree, the
court said that one of the parties was right and the other wrong, that
one was entitled to a verdict, and that a disagreement would be a
denial of justice. Subsequently a verdict in plaintiff's favor was re-
turned. *Held* that defendant was not prejudiced by the court's re-
marks.

Action in the district court for St. Louis county by the special
administrator of the estate of Arthur Ross Converse, deceased, to
recover $10,000 for the death of his intestate. The case was tried
before Dancer, J., who at the close of the testimony denied defend-
ant's motion for a directed verdict, and a jury which returned a
verdict for $2,000, answering in the negative the question:   Were
the parents of deceased negligent in permitting the deceased to be
at the time and place in question under the circumstances disclosed
in the evidence?   From an order denying his motion for judgment
notwithstanding the verdict or for a new trial, defendant appealed.
Affirmed.

[1]Reported in 190 N. W. 340.

*Hanitch, Hartley, McPherson & Johnson* and *Washburn, Bailey & Mitchell*, for appellant.

*Lewis & Hunt*, for respondent.

LEES, C.

At about 4 o'clock on Sunday afternoon, May 1, 1921, the defendant's son Raymond, then 20 years of age, was driving his father's automobile on Clark avenue in the city of Superior, Wisconsin, and struck and fatally injured Arthur Ross Converse, a boy $4\frac{1}{2}$ years of age. This action was brought to recover damages under the Wisconsin death statute and resulted in a verdict in plaintiff's favor, and defendant has appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. On the afternoon in question the little boy, accompanied by a brother 7 years old, was playing on the school grounds on the west side of Clark avenue opposite the home of his parents. The avenue is one of the principal thoroughfares leading south from Superior and has a concrete roadway 18 feet wide. The accident occurred while the boy was crossing this roadway.

Two causes of action were pleaded. The first was for conscious pain and suffering endured by the child during the 13 hours he survived the accident, and the second for the pecuniary loss sustained by his parents by reason of his death. The defenses relied on were absence of negligence on the part of the defendant and the contributory negligence of the boy and his parents. In response to a question submitted to them, the jury found that the parents were not negligent.

1. Appellant's first contention is that the evidence was not sufficient to justify a jury in finding that he was negligent. We are of a contrary opinion. Defendant purchased the automobile about 3 weeks before the accident. It was a Franklin touring car and neither he nor his son had ever driven a car of that make before the purchase was made. They testified that they were in the front seat, the son driving, and that as they turned into Clark avenue the speed of the car was reduced to about 8 miles an hour to ascertain how slowly it could be run and still have the generator

charging the storage battery; that they watched the speedometer; that the horn was sounded just after Clark avenue was entered and again when the car was about 30 feet from the place of the accident; that the two boys stood near the west line of the roadway and when the car was close to them the younger one suddenly darted out on the pavement and was run over, although the car was not going faster than 8 miles an hour and was stopped within 4 feet of where the boy was struck.

Plaintiff and his wife were in their house at the time and witnessed the occurrence through a window facing Clark avenue. They testified that the horn was not sounded; that as the two boys came through the school yard gate a peanut wagon was coming up the avenue from the south and attracted the boys' attention; that, looking towards the wagon, the younger boy started to hop or skip across the street, oblivious of the approach of the car, and was struck by it, the right front wheel passing over his body. It was agreed by all the witnesses that from all appearances the little boy did not see or hear the car.

Upon this evidence the jury might properly find that defendant and his son were not keeping a proper lookout as they drove along Clark avenue; that their attention was given to the test of the car which was being made; that if they had been alert they would have seen the little boy in time to stop the car before it struck him, and that it should have been evident to defendant that the boys were unaware of the approach of the car, and hence the horn should have been sounded until their attention was attracted.

2. It is contended that nevertheless there can be no recovery because contributory negligence was conclusively shown. Defendant does not seriously assert that the little boy was guilty of contributory negligence. Whether a child so young can ever be charged with negligence is an open question. Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183; Hannula v. Duluth & I. R. R. Co., 130 Minn. 3, 153 N. W. 250. Be that as it may, the question was submitted to the jury under proper instructions and their verdict, amply supported by the evidence, negatives contributory negligence on his part. With respect to the alleged negligence of the par-

ents, defendant is confronted by the special finding exonerating them therefrom. We enter into no discussion of the law applicable to cases where there has been contributory negligence by the person for whose benefit an action for death by wrongful act is prosecuted. In our judgment the special finding is sustained by the evidence and that put an end to the whole matter. There is a clear distinction between cases where parents allow young children to use as a playground a street which is a thoroughfare for automobiles and cases like the one at bar, where children of the age and intelligence of these two boys are allowed to cross a street in front of their parents' home at an hour of day when travel was not particularly heavy and one crossing the street will be in the plain sight of automobile drivers. Generally speaking, a parent who permits his young child to go upon the street unattended is not to be held negligent as a matter of law. Much depends on the age, intelligence and physical ability of the child and the amount of travel on and use made of the street. The question to be determined is whether the parent took as much care of his child as reasonably prudent persons of the same class would ordinarily take. The cases are cited in 29 Cyc. 558, and Shearman & Redfield, Neg. § 72.

3. The final contention is that the trial judge coerced the jury into returning a verdict. After the jury had been out all night they came into court and reported that they were unable to agree. In response to the judge's inquiry, the foreman said they stood 7 to 5 and had stood that way through the night. They were then told that the case was a simple one and had been tried carefully; that one of the parties was right and the other wrong; that one of them was entitled to a verdict and that a disagreement would be a denial of justice. The jury were urged to endeavor to reach an honest agreement and were sent back to the jury room. They agreed upon the verdict at 6 o'clock in the afternoon. We see nothing improper in the remarks of the trial judge. He made no attempt to influence the jury one way or the other, but merely urged them to reach a common understanding and not stand out stubbornly, each holding to his individual opinion without regard to that of the others. 3 Dunnell, Minn. Dig. § 9812.

Order affirmed.