# ANDREW OLESEN v. JOHN NOREN.[1]

December 5, 1924.

Nos. 24,108, 24,109.

**Injury to child using coaster wagon—questions of negligence for jury.**

1. An 8-year old boy was traveling on the right hand side of a street, with a child's coaster wagon, in which he had one leg, and he was propelling the wagon with the other foot. Defendant was driving his automobile in the same direction but about 20 feet behind the boy. The boy turned to the left and started to cross the street. Defendant turned to the left to avoid a collision, but at the curb he struck and injured the boy. *Held* (1) that the questions of negligence and contributory negligence were for the jury; (2) that the facts did not call for an instruction embracing the law of the road governing vehicles when one passes the other.

**Misconduct of counsel not reviewable.**

2. Affidavits set forth alleged misconduct of counsel, but, since the settled case does not show facts constituting the alleged misconduct of counsel, the matter of misconduct is not before the court.

Two actions in the district court for Hennepin county. The cases were tried together before Nye, J., and a jury which returned verdicts in favor of plaintiff. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Maugridge S. Robb,* for appellant.

*F. D. Larrabee,* for respondent.

WILSON, C. J.

This record covers two cases; one by the father, in behalf of his minor son, to recover damages resulting from personal injuries occasioned by defendant's automobile; the other by the father to recover his expenses in caring for said injured son. In the one case the plaintiff was given a verdict of $5,000; in the other $1,000.

[1]Reported in 201 N. W. 296.

This is an appeal from an order in each case denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial. Each case presents the same questions.

Kenneth Olesen, an 8-year old boy, was on a public street and had with him a coaster wagon. He had one knee in the wagon and was propelling the same by pushing on the ground with the other foot. Defendant was riding in his automobile about 20 feet behind the boy and traveling in the same direction but 4 or 5 feet nearer the center of the street. The boy turned to the left to cross the street and when about the middle of the street the defendant, in an effort to avoid striking the boy, turned to the left and the car and the boy collided at the curb. The boy was seriously injured.

The defendant claims that he was entitled to a directed verdict, or a dismissal or a new trial because: (1) Plaintiff failed to show negligence on the part of defendant; and (2) the boy was guilty of contributory negligence. These questions were submitted to the jury. Counsel's argument apparently disregards the age of the boy. He was a mere child. A child of such immature years is bound to use such care as children of his age, capacity and knowledge are capable of exercising. Such child may be guilty of contributory negligence as a matter of law. Whether this child was, under the circumstances in this case, guilty of contributory negligence is essentially a question of fact. Reasonable minds might differ on such issue. Another element entering into this unfortunate accident is whether or not defendant was guilty of negligence in approaching so near to the boy in a manner that made it impossible for him to avoid a collision. He saw the boy ahead of him some distance. He must have observed that the boy was a child. He was presumably small, and was using the wagon as a typical small boy. It was a question of fact, which called for a decision as to whether or not under the circumstances defendant was guilty of negligence in failing to have his car, as he came near the boy, under such control as to avoid a collision which he might well expect the movement of the child would precipitate. The presence of the child in the street called for greater caution than if he

had been an adult. Any careful driver will always regard the presence of a child in the street as a red light ahead. We all know the frailties of childhood and youth. They may be moved by impulse, sudden change of mind, or act pursuant to a peculiar plan or design wholly unexpected by others. They are innocent, sometimes bent on innocent mischief, free from care, and at times unconscious of impending dangers. These peculiarities of childhood are common and if unappreciated by automobile drivers, who use our streets, they will be duly appreciated by the persons who sit in the jury box. The questions of negligence and contributory negligence under the circumstances of this case fall within the prerogative of the jury. Ordinary or reasonable care calls for a higher degree of care toward children than toward ordinary adults. Dunnell, Minn. Dig. § 6980. Under such circumstances the defendant cannot, as a matter of law, be exonerated from blame.

The trial court refused to instruct the jury as to the law of the road (section 2552, G. S. 1913), relative to one vehicle passing another. The appellant's brief cites many cases to the effect that bicycles and coasting sleds are vehicles. But all these are based upon the fact that the instrumentality conveys the persons in or on it. It is doubtful if a coaster wagon used as above mentioned is a vehicle. But aside from that the facts do not call for the application of the statute. The boy was crossing the street. True, defendant expected to eventually pass him, but when he saw the boy crossing the street no effort was made to pass him. The only effort then made was to avoid a collision. It was unsuccessful. The contemplated act of passing never became a reality. The facts did not invoke the instruction sought. There was no error in its rejection.

The assignments of error raise the question of misconduct of plaintiff's counsel which is claimed to have resulted from prejudicial remarks of counsel in addressing the jury. The remarks of counsel were not taken down by the court reporter. There is now a dispute between counsel as to what was said. They filed affidavits in connection with the application for a settled case relative to the statement of plaintiff's counsel. He admitted he used a

portion of the language but not all. The trial court made no finding as to the matter in dispute and did not include in the settled case that part of the language, which counsel admitted using. If such matters are to be considered by this court, the appellant must see to it that they are included in the settled case. There is a way to get a settled case. We must look to the settled case for a statement of the proceedings in the cause at the trial. Section 7831, G. S. 1913. It does not contain any of the language imputed to counsel, hence the matter of misconduct of counsel is not before us.

The two orders are affirmed.