## NEESE ANNA HOLLANDER v. WILLIAM F. DIETRICH.[1]

October 17, 1930.

No. 28,087.

*Anson B. Jackson, Jr.* for appellant.

*Frank D. Larrabee* and *Thomas Hessian,* for respondent.

[1]Reported in 232 N. W. 630.

DIBELL, J.

Action to recover for injuries sustained by the plaintiff, a minor, when struck by the auto of the defendant. There was a verdict for the plaintiff. The defendant appeals from an order denying his alternative motion for judgment or a new trial.

■ The plaintiff, a girl eight and one-half years old, was crossing the main highway in the city of Le Sueur on August 27, 1928, going from the east to the west, and was struck by an auto owned by the defendant and driven by one in his employ and received serious injuries. The auto came from the north. The street was 75 feet wide and the traveled portion of the highway 50 feet in width. The accident occurred in a residential part of the city and some blocks from the business section to the south.

Two corn wagons going north to the canning factory a few blocks away had stopped on the east side of the street. The drivers were resting their horses. The plaintiff got upon the rear of one of the wagons and threw off some corn. She took an armload to the west side of the street. She lived on that side and perhaps a block south of the place where the wagons were stopped. She returned and got another armload, which she had previously thrown off, and in returning to the west side of the street was run into by the auto approaching from the north. This auto had been sent from the canning factory by the defendant, its owner, to the business section to be repaired. The defendant was liable for the negligence of the driver. The wagon racks were about eight feet wide and were at the east side of the highway and well beyond the center, probably 11 feet beyond. The defendant's auto was driven at the west side of the center of the highway and was going south. There was no other traffic upon the highway except the auto and the two corn wagons though the highway carried on the whole considerable traffic. The auto as it came around a curve at the north had a clear view of several hundred feet. Witnesses estimated its speed at 25, 30, or 40 miles per hour. Twenty-five miles was the lowest estimate and 40 miles the highest. No signal was given. The auto was somewhere between the center and the west side of the highway when it struck the plaintiff. Witnesses saw the accident differently.

It is unnecessary to reconcile or explain their testimony. It is of no great importance whether the plaintiff was struck by the left or right fender. Anyway she was struck and carried some considerable distance and thrown to the right and injured. She did not recover consciousness for three weeks.

The question of negligence needs no particular discussion. It was the duty of the driver to exercise ordinary care under all the circumstances, to be on the lookout, and speed was an element to be considered. Whether he was negligent was for the jury.

■ The defendant urges that the plaintiff was contributorily negligent. The plaintiff was not negligent as a matter of law because she crossed at a point other than a street crossing. Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568; Johnson v. Schuler, 152 Minn. 137, 188 N. W. 271; Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824. In such case the pedestrian should yield the right of way. L. 1927, p. 563, c. 412, § 18(c), 1 Mason, 1927, § 2720-18(c).

■ The plaintiff was eight and one-half years old at the time of the accident. She had been warned of the danger. The question of her negligence was submitted to the jury in a correct and clear charge. It strikes us as one particularly helpful to a jury. Neither party made objection to it at the time.

The defendant cites Hannula v. D. & I. R. R. Co. 130 Minn. 3, 153 N. W. 250, where this court hesitatingly sustained the submission of the negligence of a boy five years and three and one-half months of age. The question was submitted to the jury by the trial court with great caution, and the jury was told that it must require of him only such care as could be required of one of his age, and the question of negligence was left to be determined on the basis of mental capacity. It was not sought to have him declared negligent as a matter of law as it is here. In Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183, it was held that a boy five years and three months old was not negligent as a matter of law. In Converse v. Adleman, 153 Minn. 306, 190 N. W. 340, it was held that the evidence did not require the jury to find a child four and one-half years old guilty of contributory negligence in crossing a street. In Olesen v.

Noren, 161 Minn. 113, 201 N. W. 296, it was held that whether a boy eight years old was negligent in crossing a street was for the jury. Here the claim is that as a matter of law this girl of eight and one-half years of age was guilty of contributory negligence. Clearly the court could not have so held. The first three cases cited go quite far enough in considering children of tender years subject to a charge of negligence, even as a matter of fact, and perhaps under ordinary circumstances it would not be held so now. It is quite clear that plaintiff cannot be held negligent as a matter of law.

Counsel for defendant has analyzed the facts of the case and has presented the law thoroughly and at length. We have read his brief and the record and the cases and find nothing making a further discussion worth while. A different finding would be sustained. The real point is that the defendant had a fair trial, and nothing for the defendant survived the verdict and its approval by the trial court.

Order affirmed.