# GLORIA BOROWSKI v. WILLIAM SARGENT.[1]

January 27, 1933.

No. 29,255.

*B. W. Wilder, A. C. Johnston, F. M. Miner,* and *H. A. Edman,* for appellant.

*S. B. Wilson, Jr.* and *Leo J. Seifert,* for respondent.

STONE, JUSTICE.

Suing on her behalf to recover damages suffered by his minor daughter and caused by defendant's automobile, plaintiff met with an adverse verdict and appeals from the judgment entered on the verdict after plaintiff's motion for new trial had been denied.

Late in the afternoon of July 14, 1930, plaintiff's daughter Gloria, then just over five years of age, was struck by an automobile driven by defendant's son. The accident occurred on a street in Fairmont.

[1]Reported in 246 N. W. 540.

It is not contended that a conclusion that the driver was not negligent would be against the evidence. Apparently the jury took that view of it. The course of the case on appeal is such that we need to review here only certain rulings below which were presented in support of the motion for new trial.

■ The title of the case should be "Gloria Borowski, a minor, by Frank J. Borowski, her father and natural guardian, plaintiff, v. William Sargent, defendant," and is amended accordingly under the rule of Lund v. Springsteel, 187 Minn. 577, 246 N. W. 116.

■ The first ground put forward for reversal is that "the trial judge committed error and prejudiced the rights of the minor child, Gloria Borowski, before the jury by his remarks and rulings upon the capacity or competency of the child to testify. The child was six years of age at the time of the trial." She was called to the stand but not sworn, counsel for plaintiff saying: "I just want to ask her a question or two, to see whether she remembers anything at all about this accident, whatever her testimony is worth. I would like the jury to have an opportunity to see her."

There was objection to her testifying, and a colloquy between court and counsel. Again Mr. Wilder, for plaintiff, said: "I just wanted to ask her about going to the butcher shop and the nickel episode and a few similar questions." The court then took the position that the phase of the matter mentioned had been proved by another witness and would not be disputed by defendant, and it was not. The court then said: "If that be true, it seems to me we better not take any chances." Mr. Wilder's response was: "I think, while she is on the stand, the jury better examine the scar tissue." The court acquiesced, and the little girl stood "up close to the jury" so that they saw as much of the child and her scar tissue as plaintiff's counsel wanted them to see. The record not only discloses no objection to the procedure nor exception thereto, but also that counsel for plaintiff acquiesced in the procedure suggested, in part by the court and in part by themselves. So, without examining the question of the little girl's competency as a witness, we conclude that there was no error in not permitting her to testify

further. The acquiescence of plaintiff's counsel is too plainly disclosed to permit them to take an opposing course on appeal.

■ The next argument for plaintiff is that the court erroneously submitted to the jury the issue of contributory negligence. The precise instruction challenged is this:

"You are instructed that at the time and place of the accident here involved Gloria Borowski was required to exercise the degree of care which children of the same age ordinarily exercise under the same circumstances, taking into account the age, capacity, and understanding of the child."

In order correctly to appraise that instruction the rest of the charge must be examined somewhat. Unless by the language just quoted, the issue of contributory negligence was not submitted. Negligence generally, and plaintiff's charge of negligence against the driver of defendant's car in particular, were explained in language not criticized then or now. The factor of proximate cause received due attention. The jury was told that in the absence of negligence by the chauffeur proximately causing the accident there could be no recovery. The jury was told finally that the only questions for their consideration (as far as presently material) were these:

Was the driver of the car negligent at the time and place of collision?

If negligent, was his negligence the proximate cause of the accident and injury?

Were acts and conduct of the injured child the sole proximate cause of the accident and injury?

The evidence for defendant indicated that defendant was passing a double-parked car on a busy street, approaching but not on a street intersection, and that the child suddenly appeared in such fashion that he could not have seen her, and in any event did not see her, in time to prevent hitting her. Excessive speed is not charged. The applicable provisions of the uniform highway act (1 Mason, 1927, §§ 2720-3, 4, 9, 12, 18) were given to the jury. These provisions were material because, as explained by the judge, "one

party, the plaintiff, claims that the injury and accident occurred on the crosswalk. The other party claims that it did not occur on the crosswalk, but in the street. There is one rule for the crosswalks [compelling the chauffeur to give pedestrians the right of way]. There is an opposite rule for the street." The charge objected to was favorable to plaintiff because in effect it cautioned the jury not to expect from the child too high a degree of care for her own protection, whether they believed she was on or off the crosswalk. It preceded an instruction that upon the chauffeur was the duty "to keep careful watch for persons on the street, crossing the street, or about to cross the street, and to act with due care to avoid injury." The next sentence, the one now in question, is in contrast and tells the jury to expect from the child only that degree of care commensurate with her "age, capacity, and understanding."

Rather plainly, we think, the issue of contributory negligence was not submitted. The jury was not told that any negligence on the part of the little girl would bar recovery. Nothing of that kind can be spelled out of the charge by implication. Having been instructed that there could be no recovery if the child's acts were the sole proximate cause, it was not error to say that it was for her to exercise only a degree of care commensurate with her age, capacity, and understanding. Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183; Hannula v. D. & I. R. R. Co. 130 Minn. 3, 153 N. W. 250; Hughes v. Minneapolis St. Ry. Co. 146 Minn. 268, 178 N. W. 605; Converse v. Adleman, 153 Minn. 306, 190 N. W. 340.

Judgment affirmed.

WILSON, Chief Justice, took no part.

DIBELL, Justice (concurring specially).

I am unable to agree that the conduct of the child, whether viewed from the standpoint of contributory negligence or sole proximate cause of the accident, should have been submitted. She was immature and could not tell her story. The case of Hannula v. D. & I. R. R. Co. 130 Minn. 3, 153 N. W. 250, was of peculiar facts and was decided by a divided court. It has been questioned since. The

jury must have understood that it could find the conduct of the child negligent and a controlling element in the case. The facts would have justified the jury in finding that the defendant driver was not negligent. It might have viewed the case as a common one where a child darts out into the street between cars and the driver is without negligence in not avoiding it. I do not think that blame could be put upon the child preventing recovery if in fact the defendant was negligent.