ALBERT ECKHARDT v. LONZOE M. HANSON AND ANOTHER.
GEORGE ECKHARDT v. SAME.[1]

January 24, 1936.

Nos. 30,677, 30,678.

[1]Reported in 264 N. W. 776.

*Snyder, Gale & Richards,* for appellants.
*Wyvell, Murphy, Johanson & Nelson,* for respondents.

HILTON, JUSTICE.

In this, a personal injury action, defendants had a verdict. This is an appeal from an order of the district court granting a new trial on the ground that the court was in error in submitting to the jury the question of the contributory negligence of a six-year, six-day old child.

On November 6, 1933, Albert Eckhardt (hereinafter referred to as the plaintiff) was of the age above stated. He attended a country school, and his teacher regularly gave him a ride in her car in the forenoon each school day from his parents' home to school and back home again in the afternoon. On the day above mentioned, at about four p. m., the teacher, as was her custom, stopped the car on her right-hand side of the highway. Plaintiff's home was to the left across the highway. Plaintiff got out of the right side of the car and without looking either to the left or right ran around the rear of the car and onto the highway. He there was struck and injured by defendant's car.

The new trial was granted for errors of law occurring at the trial (the trial court so stating in its order and the memorandum attached thereto). The learned trial court held that it was error to submit the question of contributory negligence of the plaintiff to the jury, being of the opinion: (1) That a child so young was incapable of contributory negligence; (2) that there was no evidence upon which a charge of contributory negligence could be sustained.

This appeal squarely raises the question of whether a child under seven years of age can ever be guilty of contributory negligence. Under the so-called *Illinois* rule (which is analogous to the common law rule with respect to the nonresponsibility of such young children for criminal acts), it is held that a child under seven is incapable of contributory negligence. Maskaliunas v. Chicago & W. I. R. Co. 318 Ill. 142, 149 N. E. 23; Chicago City Ry. Co. v. Tuohy, 196 Ill. 410, 63 N. E. 997, 58 L. R. A. 270; Dodd v. Spartanburg Ry. G. & E. Co. 95 S. C. 9, 78 S. E. 525; Nagle v. Allegheny Valley R. Co. 88 Pa. 35, 32 Am. R. 413; Stevenson v. Sarfert, 310 Pa. 458, 165 A. 225; Bridwell v. Butler, 18 La. App. 675, 139 So. 51; Johnson v. Herring, 89 Mont. 420, 300 P. 535; see L. R. A. 1917F, p. 60; Siedlik v. Schneider, 122 Neb. 763, 241 N. W. 535; McDermott v. Severe, 202 U. S. 600, 26 S. Ct. 709, 50 L ed. 1162. This rule has the merit of being easy to apply. However, it is arbitrary and always open to the objection that one day's difference in age should not be the dividing line as to whether a child is capable of negligence or not. Courts following the *Massachusetts* rule hold that the question of contributory negligence of a child under seven years of age is for the jury under proper instructions. Johnson's Admr. v. Rutland R. Co. 93 Vt. 132, 106 A. 682; Sullivan v. Boston El. Ry. Co. 192 Mass. 37, 78 N. E. 382; Hayes v. Norcross, 162 Mass. 546, 39 N. E. 282; Hirrel v. Lacey, 274 Mass. 431, 174 N. E. 679; Ritscher v. Orange & P. V. Ry. Co. 79 N. J. L. 462, 75 A. 209; Edwards v. Chicago, M. & St. P. Ry. Co. 21 S. D. 504, 110 N. W. 832; Baker v. Public Service Ry. Co. 79 N. J. L. 249, 75 A. 441.

In Minnesota neither rule has been definitely adopted. In the early cases this court apparently approved of the Massachusetts rule. In Twist v. Winona & St. Peter R. Co. 39 Minn. 164, 169, 39 N. W. 402, 405, 12 A. S. R. 626, Justice Mitchell stated:

"But the authorities are all one way, and to the effect that even a child is bound to use such reasonable care as one of his age and mental capacity is capable of using; and his failure to do so is negligence."

In Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183, under the facts there disclosed, it was held that a boy of five years

was not negligent as a matter of law and a *quaere* was made as to the question now raised. In Hannula v. Duluth & I. R. R. Co. 130 Minn. 3, 153 N. W. 250, 252, the lower court left it to the jury to determine whether a child between the age of five and six years was guilty of contributory negligence. This court in upholding the action of the trial court stated [130 Minn. 8]:

"A majority of the court are of the opinion that the trial court was right in leaving the question of contributory negligence to the jury."

In Roberts v. Ring, 143 Minn. 151, 152, 173 N. W. 437, 438, in considering the question of contributory negligence of a boy of seven years it was stated:

"The question of the boy's negligence was likewise for the jury. * * * In considering his contributory negligence the standard is the degree of care commonly exercised by the ordinary boy of his age and maturity."

This court in Hughes v. Minneapolis St. Ry. Co. 146 Minn. 268, 271, 178 N. W. 605, 606, held that the question of contributory negligence of a boy of 11 years was for the jury, and stated:

"In this decision we are in harmony with the weight of authority. In Shearman and Redfield, Negligence, § 73a, it is said: 'In nearly all the cases, the question of the power and duty of any child, between three and twelve years of age, to exercise care for its own protection, is held to be one for the jury.'"

However in Converse v. Adleman, 153 Minn. 306, 190 N. W. 340, it was stated that it was an open question as to whether a boy four and one-half years of age could ever be charged with contributory negligence. Then in Olesen v. Noren, 161 Minn. 113, 201 N. W. 296, the question as to the contributory negligence of a boy of eight years was held to be for the jury. In Hackert v. Prescott, 165 Minn. 134, 205 N. W. 893, this court held that the acts of a seven-year old boy who was injured while riding a bicycle presented facts which made a question for the jury as to the boy's contributory negligence.

274

Some doubt may have been thrown on the position of this court by the language used in Hollander v. Dietrich, 181 Minn. 376, 232 N. W. 630, 631, where, in speaking of Hannula v. Duluth & I. R. R. Co. 130 Minn. 3, 153 N. W. 250; Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183; and Converse v. Adleman, 153 Minn. 306, 190 N. W. 340, it was stated [181 Minn. 379]:

"The first three cases cited go quite far enough in considering children of tender years subject to a charge of negligence, even as a matter of fact, and perhaps under ordinary circumstances it would not be held so now."

But in Harkness v. Zube, 182 Minn. 594, 235 N. W. 281, 282, a girl not quite seven years of age was struck and killed by defendant's automobile. There it was stated [182 Minn. 595]:

"Considering the age of the girl and the place she had reached when struck down, the issue of her contributory negligence was unquestionably for the jury."

Although in Borowski v. Sargent, 188 Minn. 102, 105, 246 N. W. 540, 541, the issue of contributory negligence of a girl just over five years of age was not submitted to the jury, this court held that it was not error for the lower court, in its instruction as to whether the child's sole negligence was the proximate cause of the injury, to say that plaintiff need "exercise only a degree of care commensurate with her age, capacity and understanding." In order to comply with that rule, the question of the plaintiff's contributory negligence was for the jury in the instant case.

Under a proper instruction the Massachusetts rule is the more sound and the one most likely to insure just result. It does not cast upon the general public any and all risks that may be created by the carelessness of a child. Still it does not go so far as to hold a child to a degree of care not commensurate with its age and experience. Under present-day circumstances a child of six is permitted to assume many responsibilities. There is much opportunity for him to observe and thus become cognizant of the necessity for exercising some degree of care. Compulsory school attendance, the radio, the movies, and traffic conditions all tend to have this effect.

Under the Illinois rule a child may be guilty of the most flagrant violation of duty and still not be precluded from recovering damages for injuries suffered partly because of such violation. The Massachusetts rule contemplates justice for all parties, irrespective of age. Jurors, by virtue of their office, are competent to judge whether or not a child has exercised a degree of care commensurate with its age, capacity, and understanding. The Illinois rule has no basis in sound reason or logic. It is based upon an outworn historical rule of criminal law which refused to acknowledge any capacity on the part of any child under seven years of age to distinguish between right and wrong.

It is urged that plaintiff, on the evidence, was not guilty of contributory negligence as a matter of law. The child took no precautions whatever to see if a car was approaching from the direction of defendant's car. The weather was clear and it was daylight. The plaintiff got out of the car in which he was riding and, without hesitation, ran around the rear end of the teacher's car and into the path of defendant's machine. The evidence was sufficient to warrant the jury in finding that plaintiff was guilty of contributory negligence. See Murray v. Jacobson, 195 Minn. 153, 262 N. W. 152.

The order appealed from is reversed.