Thomas A. **LLOYD** and Carol M. **Neumann, Appellants,**

v.

**CITY OF ST. PAUL, Respondent.**

No. CX–95–1080.

Court of Appeals of Minnesota.

Nov. 7, 1995.

Review Denied Dec. 20, 1995.

---

Willard L. Wentzel, Jr., Wilbur W. Fluegel, Wentzel & Fluegel, Minneapolis, for Appellants.

Timothy E. Marx, City Attorney, Lisa L. Veith, Assistant City Attorney, St. Paul, for Respondent.

Considered and decided by DAVIES, P.J., and RANDALL and NORTON, JJ.

## OPINION

DAVIES, Judge.

Appellants challenge the district court's reliance on Minn.Stat. § 466.03, subd. 6e (1994) (recreational services immunity), as a basis for dismissing tort claims and awarding summary judgment to the City of St. Paul. We affirm.

## FACTS

Appellants Thomas Lloyd and his wife were seated with their niece in a paddle boat at the Como Lake paddle boat concession in St. Paul when the chief supervisor at the concession jumped onto one of the boat's pontoons in an attempt to disengage the boat from the dock. When the boat began to tip, the supervisor leaped to the opposite pontoon, causing the boat to flip over the opposite way. Lloyd was injured as he, his wife, and their niece fell into the lake.

## ISSUES

I. Did the district court err in determining that the city was immune from liability under Minn.Stat. § 466.03, subd. 6e (1994)?

II.   Did the district court err in concluding that the application of Minn.Stat. § 466.03, subd. 6e, does not violate the Equal Protection Clause?

## ANALYSIS

On appeals from summary judgment, this court reviews

(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).   Where, as here, the material facts are not disputed, we need not defer to the trial court's application of the law.   *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989).

### I.

Minn.Stat. § 466.03, subd. 6e (1994), provides that a municipality is immune from tort liability for

[a]ny claim based upon the construction, operation, or maintenance of any property owned or leased by the municipality that is intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services, * * * if the claim arises from a loss incurred by a user of park and recreation property or services.   Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a *trespasser* to damages against a private person.

(Emphasis added.)

■   The issue, appellants claim, is whether section 335 or section 336 of Restatement (Second) of Torts should be used to define "trespasser" for purposes of the immunity exception, Minn.Stat. § 466.03, subd. 6e. The district court concluded that section 335 of the Restatement should be used.   We conclude, however, that neither section 335 nor section 336 should be used in this case because the trespasser exemption itself is inapplicable.   The exemption, and those sections, apply to cases involving property

marred by some hazard.   This, however, is a case of allegedly negligent conduct **unrelated to the condition of the park property.**   We must therefore look to another line of authority—one independent of the trespasser exemption to immunity.

Minnesota courts have found that the state and its municipalities (and their employees) enjoy immunity from tort liability when they are negligent while **operating** a park.   For example, in one case a plaintiff sued the state and two of its employees for wrongful death arising from the drowning of a child in a state park swimming pond.   *Zacharias v. Minnesota Dep't of Natural Resources,* 506 N.W.2d 313 (Minn.App.1993), *review denied* (Minn. Nov. 16, 1993).   The plaintiff argued that Minn.Stat. § 3.736, subd. 3(h), the state recreational immunity statute, did not immunize the state employees because their allegedly negligent actions as lifeguards were not based upon the " 'construction, operation or maintenance of the outdoor recreation system.' "   *Id.* at 320.   This court disagreed and held that the employees were immune from liability, stating:

While the causes of action against [the state's employees] are based upon negligent supervision and negligent performance while on duty, these employees were operating and maintaining part of the outdoor recreation system at the time of their allegedly negligent acts.

*Id.* at 320.[1]

The *Zacharias* case is especially instructive because it involved, besides the negligence claim, two claims based on the allegedly defective condition of the artificially created swimming pond.   While this court explicitly relied on Restatement section 335 in analyzing the claims related to the defective condition of the pond, this court did not look to the Restatement in deciding the negligent-lifeguard claim.

Later, in *Johnson v. Washington County,* a father of a child who drowned in a swimming pond built and maintained by a county brought a wrongful death action against a school district and the county.   518 N.W.2d

---

**1.**   The municipality recreational immunity statute at issue in the present case is analogous to the state recreational immunity statute and has been

interpreted consistently with it.   *Johnson v. Washington County,* 518 N.W.2d 594, 600 (Minn. 1994).

594 (Minn.1994). The plaintiff argued that the county had created a duty to protect swimmers by constructing an artificial swimming pool and by hiring lifeguards. *Id.* at 598. Applying Restatement section 335, the supreme court found that the county was entitled to immunity because the pool did not contain any hidden dangers that would entitle a trespasser to damages. *Id.* at 600. But, in addition—and explicitly using the reasoning of the *Zacharias* case—the supreme court held, without consideration of possible trespasser liability, that the "lifeguards at the Park Reserve were 'providing recreational services' as part of the 'operation' of the park," and thus, their actions were covered by the municipality recreational immunity statute, Minn.Stat. § 466.03, subd. 6e. *Id.*

■ There is no complaint here that Como Lake was in any way defective, only that the paddle boat concession operator acted negligently. Therefore, this is exclusively a negligence claim comparable to the negligent-lifeguard claims in *Zacharias* and *Johnson*, without a claim of dangerous condition comparable to the other claims in those cases. Thus, rules relating to duties owed to trespassers are wholly irrelevant here. And, because the employee in the present case was engaged in the operation of a municipal park at the time he was allegedly negligent, we conclude that Minn.Stat. § 466.03, subd. 6e, applies. The city is immune from liability.

## II.

Appellants argue that Minn.Stat. § 466.03, subd. 6e, is unconstitutional as applied here because it grants municipalities immunity even when someone pays to use a recreational facility. Private recreational facilities, in contrast, have no immunity. Appellants contend that the statute thus creates an inequitable and unconstitutional distinction between different classes of fee-paying recreational patrons.

In other words, appellants argue that the city, because it charges for boat rental, is carrying out a "proprietary function" to which traditional sovereign immunity did not extend at common law and to which it cannot now lawfully extend. But Minnesota courts no longer recognize the "proprietary distinction." *See Imlay v. City of Lake Crystal,* 453 N.W.2d 326, 330 (Minn.1990) (rejecting resurrection of "governmental-proprietary" distinction).

■ A statute is presumed constitutional. *Snyder v. City of Minneapolis,* 441 N.W.2d 781, 788 (Minn.1989).

A party who challenges a Minnesota statute as unconstitutional bears the burden of establishing beyond a reasonable doubt that the statute violates some constitutional provision. This court exercises the power to declare a statute unconstitutional only when absolutely necessary and then only with great caution.

*Id.* (citations omitted).

Because this case does not involve either a fundamental right or a suspect classification, the rational basis test applies. *Johnson v. Farmers Union Cent. Exch.,* 414 N.W.2d 425, 431 (Minn.App.1987), *review denied* (Minn. Nov. 24, 1987). The Minnesota Supreme Court has adopted a two-part test for determining whether a statute is rationally related to the achievement of a legitimate state purpose:

1. Does the challenged legislation have a legitimate purpose? and

2. Was it reasonable for the lawmakers to believe that use of the challenged classification would promote that purpose?

*Lienhard v. State,* 431 N.W.2d 861, 866–67 (Minn.1988).

■ The Minnesota Supreme Court has found that a rational basis exists to support Minn.Stat. § 3.736, subd. 3(h)—the state outdoor recreational immunity statute. *Green–Glo Turf Farms v. State,* 347 N.W.2d 491, 495 (Minn.1984). The *Green–Glo* court stated:

The major constitutional issue is whether it is rational to relieve the state of potentially huge tort liability for damages to property caused by the operation of outdoor recreational areas. We hold that the shield afforded by section 3.736, subd. 3(h) is rationally related to the purpose of "the preservation of Minnesota's outdoor recreational resources" in light of "the growing

demand for outdoor recreational facilities and the spread of development and urbanization in the state."

*Id.* This rationale equally supports the constitutionality of Minn.Stat. § 466.03, subd. 6e, the municipality recreational immunity statute.

We conclude that the statute does not violate the Equal Protection Clause.

### DECISION

The district court properly granted summary judgment. The city is immune from outdoor recreational liability under Minn. Stat. § 466.03, subd. 6e, and the statute does not violate the Equal Protection Clause.

**Affirmed.**