Ronald Francis MERCHLEWITZ, et al., Respondents,

v.

MIDWEST 4 WHEEL DRIVE ASSOCIATION, INC., et al., Defendants,

City of Stockton, Appellant.

No. CX–98–1157.

Court of Appeals of Minnesota.

Jan. 12, 1999.

David G. Newhall, Ann E. Kennedy, Lindquist & Vennum P.L.L.P., Minneapolis, MN (for respondents).

Pierre N. Regnier, Katherine E. Kennedy, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, MN (for appellant).

Considered and decided by
KALITOWSKI, Presiding Judge, and
SCHUMACHER and SHUMAKER, Judges.

## O P I N I O N

KALITOWSKI, Judge.

Appellant City of Stockton challenges the district court's determination that it is not entitled to statutory park and recreation immunity from liability for respondents' claim that it allowed its property to be used for mud bog races without restrictions. Respon-

dents Ronald and Arlene Merchlewitz, individually and on behalf of their son, challenge the district court's determination that the city is entitled to park and recreation immunity for all other claims brought by respondents against the city.

## FACTS

Defendant Stockton Area Promotional Group (SAPG) is a nonprofit organization designed to promote the City of Stockton and to raise money for the city and local organizations. Every year as a fundraiser, the SAPG sponsors mud bog races at a large grassy area owned by the city, known as the sewer pond site. The SAPG planned the event for May 18, 1996, and the Stockton City Council implicitly approved the event without restrictions.

On May 18, 1996, the races took place as scheduled at the sewer pond site. Two tracks ran east to west. Spectator bleachers ran along the north side of the tracks, behind a yellow tape barrier. The tape barrier, placed behind the track, was not designed to withstand impact, but merely to keep people out of the track area. Respondent Ronald Merchlewitz and his 17-year-old son, Ronnie, arrived at the races and joined Merchlewitz's brother-in-law, whose truck was parked even with the spectator bleachers, approximately 20 feet behind the yellow tape barrier. While they viewed the races from the truck's tailgate, driver Steven Jacob's vehicle went out of control near the finish line, tipped over and accelerated directly toward the spectators. The vehicle struck two parked vehicles, trapped Ronnie Merchlewitz underneath, and caused him serious injury.

Respondents brought claims against the city; Northern Mud Racing, Inc., which promoted and sponsored the event; Midwest 4 Wheel Drive Association, Inc., a regional racing organization that provided insurance; SAPG; and the driver of the car, Steven Jacob. This appeal involves only respondents' claims against the city. The district court determined that all but one of the allegations in respondents' complaint related to the city's conduct during operation of the race, and therefore the city was immune from liability under Minn.Stat. § 466.03,

subd. 6e (1998). The court further determined that the city was not entitled to immunity for the one claim which pertained to the city's decision to allow the SAPG to use its property without limitation or restriction because this decision occurred before the event.

## ISSUES

1. Is the city immune from claims that it negligently failed to regulate and control the event by allowing it to take place on its land without restrictions?

2. Is the city immune from claims that it negligently failed to safely maintain and operate its property and warn spectators of hazards posed by the mud races?

## ANALYSIS

On appeal from summary judgment, this court reviews whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). A municipality is entitled to immediate review of an order rejecting an immunity claim. *McGovern v. City of Minneapolis*, 475 N.W.2d 71, 72–73 (Minn.1991). De novo review is appropriate for issues of municipal statutory immunity. *Landview Landscaping, Inc. v. Minnehaha Creek Watershed Dist.*, 569 N.W.2d 237, 240 (Minn.App.1997), *review denied* (Minn. Dec. 22, 1997).

Generally, a municipality is liable for its torts. Minn.Stat. § 466.02 (1998). The parks and recreation exception, however, renders a municipality immune from liability in certain limited situations. Minn. Stat § 466.03, subd. 6e (1998). Under this exception, a municipality is immune from

[a]ny claim based upon the construction, operation, or maintenance of any property owned or leased by the municipality that is intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services, or from any claim based on the clearing of land, removal of refuse, and creation of trails or paths without artificial surfaces, if the claim arises from a loss

incurred by a user of park and recreation property or services.

Minn.Stat. § 466.03, subd. 6e. The "trespasser exception" to this provision states: "Nothing in this subdivision limits the liability·of a municipality for conduct that would entitle a trespasser to damages against a private person." *Id.*

## I.

■ Appellant argues that the district court erred in determining that it was not entitled to park and recreation immunity for its decision to permit the races to go on city property without restrictions or limitations. *See id.* (granting immunity for claim based on operation of property owned or leased by municipality used for park or recreation). Appellant contends the district court erred in concluding that the decision to allow the mud races was not a part of the "operation" of the recreational area because the decision was not contemporaneous with the injury that occurred at the races themselves. We agree. Although the timing of the city's action may be a factor in determining whether the action involved the "operation" of the facility, it is not determinative of the issue. *See Henry v. State of Minnesota,* 406 N.W.2d 608, 611 (Minn.App.1987) (finding that state was immune from liability [if not for trespasser exception] even though state's alleged negligence occurred one year prior to actual injury), *review denied* (Minn. Aug. 12, 1997). The mere fact the decision to allow the races was made prior to the event itself does not mean the decision is not "operational."

In support of the district court's decision, respondents argue that to grant immunity to the city on this claim impermissibly expands the statute by providing absolute immunity to any negligent activity associated with recreational services. Respondents further argue that the action at issue is not similar to the types of operational decisions recognized by courts, such as lifeguarding and tree trimming. *See Lloyd v. City of St. Paul,* 538 N.W.2d 921 (Minn.App.1995) (finding state immune from liability for injuries caused by paddle boat concession operator), *review denied* (Minn. Dec. 20, 1995); *Zacharias v. Minnesota Dep't of Natural Resources,* 506 N.W.2d 313 (Minn.App.1993) (finding state

immune from liability for drowning of child); *Henry,* 406 N.W.2d at 611 (finding state immune from liability for injuries when tree fell on tent during storm). We are not persuaded by respondents' arguments. Here, the city's decision to allow the mud races to take place on city property with or without restrictions was a decision involving the operation of the sewer pond site. Denying immunity to the city for this decision would result in a situation where the city has potential liability when it permits its property to be used for recreational events, but has immunity from liability when on the very same property it operates the events itself. Such a result is contrary to the policy underlying statutory immunity, which is to protect executive and legislative policy decisions from judicial review through tort actions. *S.W. v. Spring Lake Park Sch. Dist. No. 16,* 580 N.W.2d 19, 22 (Minn.1998); *see also Norton v. County of Le Sueur,* 565 N.W.2d 447, 449 (Minn.App.1997) (stating purpose of statutory immunity is to preserve separation of powers), *review denied* (Minn. Aug. 5, 1997).

We conclude that the city's decision to allow mud bog races on the sewer pond site involves the operation of an open area for recreational purposes under Minn.Stat. § 466.03, subd. 6e. Therefore, we reverse the district court's determination that the city is not immune from liability regarding respondents' claim that the city negligently allowed the races without restrictions.

## II.

■ Respondents first argue that the district court erred in applying the park and recreation immunity statute because the sewer pond does not qualify as an open area for recreational purposes under the statute. Because·the statute does not define "open area for recreational purposes," respondents contend we should look to the state recreational immunity statute, which requires that a location be designated a "recreation area" in order to qualify under the statute. *See* Minn. Stat § 3.736, subd. 3(h) (1998) (granting immunity to state for losses arising from construction, operation, or maintenance of outdoor recreation system); Minn.Stat.

§ 86A.04 (1998) (defining "outdoor recreation system"). We disagree. The statute governing municipal immunity, unlike the state statute, includes no such limitation on what may be considered a recreation area.

Further, the plain meaning of an open area used for recreational purposes applies to the facts here. The Stockton City Council has approved the sewer pond site for the mud races sponsored by SAPG in years past and did so again for the May 1996 races. The races themselves are recreational in nature, as people pay money for the entertainment of watching the event. Although the city did not dedicate or specifically designate the sewer pond as a recreational site, it obviously intended that the land be used for recreational purposes. Because the statute at issue does not require an official designation, a plain reading of the statute leads us to conclude that during the mud bog races the sewer pond is a recreational area for purposes of the statute.

■■■ Respondents also argue that the district court erred in concluding that the trespasser exception to the statute did not apply. Landowners are liable if they fail to exercise reasonable care to warn trespassers about hidden, artificial dangers created or maintained by the landowner. *Johnson v. Washington County*, 518 N.W.2d 594, 599 (Minn.1994). Whether a condition is hidden depends on whether the condition is visible, not on whether the injured party actually sees the danger. *Steinke v. City of Andover*, 525 N.W.2d 173, 177 (Minn.1994). Further, trespassers are required to be alert to conditions existing upon the land. *Schaffer v. Spirit Mountain Recreation Area Auth.*, 541 N.W.2d 357, 361 (Minn.App.1995).

Respondents argue that because the designated spectator area was unsafely located, the true danger to the spectators was hidden. We disagree. The appropriate analysis of the language of the trespasser exception requires a determination as to whether something is visible, rather than appreciable. *See, e.g., Schaffer*, 541 N.W.2d at 361 (finding barrel was objectively visible, therefore exception did not apply); *Martinez v. Minnesota Zoological Gardens*, 526 N.W.2d 416, 419 (Minn.App.1995) (finding unsupported hand-

rail was visible, therefore exception did not apply), *review denied* (Minn. Mar. 29, 1995); *Zacharias*, 506 N.W.2d at 319 (finding swimming pond with deep area did not involve any hidden dangers).

In his deposition, Mr. Merchlewitz stated that he saw the cars getting ready to race at the starting line. He estimated that he was 15–20 feet away from the yellow tape that kept spectators from going any closer to the track near the finish line. Because respondents saw both the vehicles and the lack of barriers, there was no hidden danger. Further, a reasonable person would appreciate that a large vehicle traveling at high speeds could go out of control. We conclude that because any risks to spectators viewing the races were not hidden, the district court properly concluded that the trespasser exception does not apply.

### DECISION

The district court erred in determining that the city was not immune from liability for allowing mud bog races without restrictions because it was an operational decision covered by the statute providing parks and recreation immunity. The district court properly determined the city is immune from liability under parks and recreation immunity for respondents' other claims because: (1) the sewer pond was an "open area for recreational purposes" under the statute; and (2) the trespasser exception did not apply.

**Affirmed in part and reversed in part.**